566 So.2d 792 (1990)
Felipe BELTRAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 73047.
Supreme Court of Florida.
September 20, 1990.
Lawrence E. Besser of Samek & Besser, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott and Michael J. Neimand, Asst. Attys. Gen., Miami, for respondent.
OVERTON, Justice.
We have for review Beltran v. State, 530 So.2d 1045 (Fla. 3d DCA 1988), in which the Third District Court of Appeal found the state had improperly joined offenses occurring on two separate dates, but determined the misjoinder to be harmless error and affirmed the conviction for the offenses committed on the second date. The district court certified the following question to be of great public importance:
DOES THE HARMLESS ERROR RULE APPLY TO CASES IN WHICH OFFENSES HAVE BEEN MISJOINED IN A SINGLE INFORMATION?
Id. at 1049.[*] The petitioner seeks a per se rule of reversal for a misjoinder of offenses. We reject that solution. We answered the question in the affirmative in Livingston v. State, 565 So.2d 1288 (Fla. 1988). In that decision, we followed the holding of the United States Supreme Court in United States v. Lane, 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986), and held that harmless error may properly be applied to the misjoinder of offenses. We reaffirm that holding.
Petitioner also claims that, if the harmless error rule applies, the district court misapplied it under the circumstances of this case. The district court, in determining that the harmless error rule applied, recognized the principles that must be utilized in making that determination, as we expressed in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Although we have discretion to do so, we find no justification to grant a second review of that issue and, consequently, decline to review that claim.
*793 For the reasons expressed, the decision of the district court is approved.
It is so ordered.
SHAW, C.J., and McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.