962 So.2d 1025 (2007)
Michael Angel OCASIO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2413.
District Court of Appeal of Florida, Third District.
August 8, 2007.
Michael Angel Ocasio, in proper person.
Bill McCollum, Attorney General, for appellee.
Before GERSTEN, C.J., and ROTHENBERG and LAGOA, JJ.
LAGOA, Judge.
Michael Ocasio appeals an order denying his motion under Florida Rule 3.800 for credit for time served. Because the record before us fails to conclusively refute appellant's claim that he is entitled to 426 days, we are obliged to reverse and remand. See Lundy v. State, 912 So.2d 671 (Fla. 3d DCA 2005).
The trial court's order states that appellant is entitled to 256 days, while appellant's post-conviction motion states that he is entitled to 426 days. The trial court, however, did not attach documentation that conclusively refutes appellant's claim to such credit. While a conventional evidentiary hearing is not required where the issue involves credit for time served, a trial court must "review the appropriate records and make a determination whether the defendant has received proper credit for time served." See Hidalgo v. State, 729 So.2d 984, 985 (Fla. 3d DCA 1999).
On remand, the trial court should examine the court file and the jail card, if necessary, to determine whether appellant is entitled to additional credit for time served. Id. Moreover, after said review, the trial court should either attach those portions of the record that conclusively refute the appellant's claim or award him the appropriate credit for time served.
Reversed and remanded for further proceedings.