979 So.2d 969 (2008)
Brian KABLITZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4482.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
Rehearing Denied February 27, 2008.
*970 Steven H. Malone of Steven H. Malone, P.A., West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant Brian Kablitz appeals his conviction and sentence for dealing in stolen property and false verification of ownership. In his brief he raises eight claims of error. We affirm on all issues.
The state charged Kablitz with a six count information for dealing in stolen property in violation of section 812.019(1), Florida Statutes (2006) (counts 1 and 3); giving false verification of ownership of and receiving money from a pawnbroker in exchange for stolen property in violation of section 539.001(8)(b)8a., Florida Statutes (2006) (counts 2 and 4); and grand theft of property worth more than $300 in violation of sections 812.014(1) and (2)(c), Florida Statutes (2006) (counts 5 and 6). Counts one, two, and five pertain to the theft of a Hitachi compound miter saw owed by Ricardo Martins and counts three, four, and six pertain to the theft of leveling equipment owned by Norman Dahl.
The leveling equipment was stolen from an on-site office of a construction company at a beachfront development. The equipment was owned by the project manager. Three weeks later, the miter saw owned by Richard Martins, a subcontractor, was stolen from inside one of the homes being constructed at the development. Kablitz had been hired as a carpenter at the construction site, but had been terminated two weeks prior to the first theft.
Both pieces of equipment were pawned at the same shop on successive days just after the second theft. The pawn shop employees testified that Kablitz pawned *971 both items and produced pawn tickets with Kablitz's fingerprints.
At trial the jury found Kablitz guilty of the counts relating to the miter saw but not guilty of the counts involving the leveling equipment. He was sentenced to fifteen years for dealing in stolen property and five years for false verification of ownership, both counts to run concurrently. The trial court did not sentence him for the petit theft. Kablitz appeals his convictions and resulting sentences.
Although Kablitz moved to sever the counts relating to the theft and pawning of the miter saw from the counts regarding the leveling equipment, the trial court denied the motion, and Kablitz raises this denial as an issue on appeal. "The decision to grant or deny a severance is within the sound discretion of the trial court" and will not be disturbed on appeal absent an abuse thereof. Domis v. State, 755 So.2d 683, 685 (Fla. 4th DCA 1999).
Florida Rule of Criminal Procedure 3.150(a) states:
Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses . . . are based on the same act or transaction or on 2 or more connected acts or transactions.
Conversely, where two or more offenses are improperly charged in a single information, a defendant has the right to severance of the charges on timely motion. Fla. R.Crim. P. 3.152(a)(1).
In Wright v. State, 586 So.2d 1024 (Fla.1991), the supreme court explained that offenses are connected within the meaning of the rule if they occur within a single episode, noting:
". . . [T]he rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances." Courts may consider "the temporal and geographical association, the nature of the crimes, and the manner in which they were committed." However, interests in practicality, efficiency, expense, convenience, and judicial economy, do not outweigh the defendant's right to a fair determination of guilt or innocence.
Id. at 1029-30 (citations omitted) (quoting Garcia v. State, 568 So.2d 896, 899 (Fla. 1990)). In Wright the court determined that the trial court erred in denying severance where the only connection between battery and murder charges was the fact that they were both committed by the same person, as each offense involved different victims, different times and dates, and different circumstances. See also Ellis v. State, 622 So.2d 991 (Fla.1993) (trial court erred by joining murder and attempted murder counts, even though crimes were similar, where there were three days between the two murders and the attempted murder occurred several months later).
We held in Dupree v. State, 705 So.2d 90 (Fla. 4th DCA 1998), that four drug transactions, occurring in the same manner at the same place but on different dates, were improperly joined for trial. The mere fact that the crimes were committed in a similar manner within the same general area did not sufficiently link them to make joinder proper.
In the same way, joinder of the charges involving the leveling equipment and the miter saw were improper. The crimes occurred on different dates and involved different victims. The thefts occurred in different locations, albeit in the same general vicinity, and the items were pawned at the same shop. However, we deem this insufficient where the two thefts were separated by several weeks, and the *972 pawning of the items themselves was separated by a day. Just as the several similar drug transactions could not be properly joined in Dupree, we conclude that the charges involving the miter saw and the leveling equipment could not be joined in this case.
Although the court erred in refusing to sever the counts, we nevertheless apply the harmless error test to the misjoinder. See Beltran v. State, 566 So.2d 792 (Fla.1990). Here, the jury acquitted the defendant of the charges with respect to the leveling equipment. The joinder of the miter saw counts did not affect the jury's ability to differentiate between the various crimes. Kablitz defended as to the miter saw by claiming that he had pawned his own saw. However, this was clearly refuted by the state's evidence, as the miter saw pawned by Kablitz had the initials R.M. engraved on its body, which corresponds to the victim's initials. Further, the victim, Richard Martins, identified and retrieved the saw from the pawn shop. Even Kablitz's witness, his former wife, testified that the saw at the pawn shop was not the miter saw he had owned during their marriage.
Kablitz also claims that he obtained newly discovered evidence after the trial and was entitled to a hearing on his motion for new trial on this issue. The trial court denied the motion, and we find no error as it is not likely that the evidence would have produced a not guilty verdict on retrial. See Jones v. State, 709 So.2d 512, 521 (Fla.1998). The "newly discovered evidence" constituted a receipt for the purchase of a miter saw by Kablitz during his marriage to his former wife. He sought to prove that he owned a miter saw which could have been pawned. However, as noted above, his ex-wife was shown a picture of the saw at the pawn shop with the R.M. initials on it and testified that it was not Kablitz's saw.
We affirm the remaining issues going to his conviction without further comment.
As to his sentencing, Kablitz contends that the trial court made several errors. He alleges errors in his scoresheet. However, as to these, we conclude that the state has shown that the same sentence would have been imposed had the corrections been made. See State v. Anderson, 905 So.2d 111 (Fla.2005). Kablitz was a ten-time convicted felon, and the court sentenced him well above the minimum guidelines sentence. We also reject the contention that the court improperly considered hearsay testimony at the sentencing hearing.
We remand, however, for the court to reconsider the calculation of jail credit. Kablitz argues that he was entitled to several more days credit based upon the sheriff's booking blotter. This court has held that the booking blotter is admissible at a sentencing hearing "if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product." Christie v. State, 951 So.2d 1029, 1030 (Fla. 4th DCA 2007) (quoting Gray v. State, 910 So.2d 867, 869 (Fla. 1st DCA 2005)). Kablitz attempted to raise this issue and resolve the correct application of jail credit on a rule 3.800(b)(2) motion. However, the court failed to rule, resulting in a denial of the motion pursuant to rule 3.800(b)(1)(B). As the proper calculation of jail credit may be raised even after sentencing, see rule 3.800(a), the court should resolve this issue on remand.
Affirmed but remanded to determine the proper jail credit.
FARMER and GROSS, JJ., concur.