PER CURIAM.
 

 In defendant’s trial for grand theft and dealing in stolen property, his trial counsel failed to request a specific jury instruction to the effect that he could not be guilty of both charges, that the jury would have to choose only one of them if any at all.
 
 [1]
 
 The jury convicted him of both the lesser included offense of petit theft and dealing in stolen property. On his direct appeal, his lawyer failed to raise the issue as fundamental error, and his convictions were affirmed. We now have his petition for a new appeal based on ineffective assistance of appellate counsel.
 
 [2]
 
 We grant the petition.
 

 In
 
 Aversano v. State,
 
 966 So.2d 493 (Fla. 4th DCA 2007), we held that this same omission constitutes fundamental error:
 
 *156
 
 966 So.2d at 496. It necessarily follows that if he was denied the same “fundamental” linchpin on his direct appeal, his appellate counsel was indubitably constitutionally ineffective.
 
 See Barber v. State,
 
 918 So.2d 1013 (Fla. 2d DCA 2006) (appellate counsel was ineffective in not raising issue that convictions for both theft and dealing in stolen property were prohibited by § 812.025).
 

 
 *155
 
 “Because the trial court did not instruct the jury on its obligation ... to ‘determine whether the defendant is a common thief who steals property ... or whether the defendant traffics ... in stolen property,’ the court committed fundamental error. That determination by the jury is the ‘linchpin’ element that must be decided by the trier of fact when both theft and dealing in stolen property are charged.” [c.o.]
 

 
 *156
 

 Petition granted.
 

 FARMER, STEVENSON and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 812.025, Fla. Stal. (2008) (although defendant may be charged in single information with both theft and dealing in stolen property, trier of fact may return a guilty verdict on one or the other, but not both, of the counts);
 
 Hall v. State,
 
 826 So.2d 268, 271 (Fla.2002) (trier of fact may find defendant guilty of one or the other offense but not both). In the charge conference, defense counsel agreed with the State's "understanding" that the jury could convict of both and the court could adjudicate him guilty of the greater.
 

 [2]
 

 . See Fla. R. App. P. 9.141(c).