PER CURIAM.
 

 The appellant appeals a judgment and sentence entered after he admitted violating his probation. We affirm the appellant’s judgment without further comment. However, we reverse and remand for the trial court to address one of the issues raised in appellant’s rule 3.800(b) motion filed on July 17, 2007. In that motion, the appellant asserts an entitlement to an additional 45 days of credit. The trial court did not address that claim and the records are insufficient to determine whether the appellant is entitled to the credit he seeks. Thus, we remand for the trial court to attach portions of the record conclusively refuting appellant’s claim or for an eviden-tiary hearing on the matter.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(1) (evidentiary hearings are permissible as part of 3.800(b) proceedings);
 
 cf. Kablitz v. State,
 
 979 So.2d 969 (Fla. 4th DCA 2008) (holding that trial court should resolve jail credit claim raised in 3.800(b) motion on remand);
 
 Ocasio v. State,
 
 962 So.2d 1025
 
 *638
 
 (Fla. 3d DCA 2007) (holding that when a defendant makes a claim that he has been improperly denied credit for time served, the trial court must “review the appropriate records and make a determination whether the defendant has received proper credit”).
 

 AFFIRMED in part, REVERSED and REMANDED in part for further proceedings.
 

 HAWKES, C.J., WETHERELL and ROWE, JJ., concur.