DAMOORGIAN, J.
In this new appeal, Brian Kablitz raises four issues, all but one of which we previously addressed on direct appeal. Kablitz v. State, 979 So.2d 969 (Fla. 4th DCA 2008) (hereinafter “Kablitz I ”).
A jury found Kablitz guilty of dealing in stolen property, false verification of ownership, and a lesser included offense of petit theft. Id. at 971. The trial court did not sentence him for the petit theft because of *970 his conviction for dealing in stolen property. Id. On direct appeal, we affirmed his conviction and sentence. Id. at 970. Following his direct appeal, Kablitz filed a petition alleging ineffective assistance of appellate counsel. Kablitz v. State, 13 So.3d 155, 155 (Fla. 4th DCA 2009). We granted his petition, concluding appellate counsel was ineffective for not raising as fundamental error that convictions for both theft and dealing in stolen property were prohibited by section 812.025, Florida Statutes. Id. at 155-56. Kablitz was permitted this new appeal.
In Kablitz I, Kablitz argued, among other things, that the trial court reversibly erred by denying his motion to sever offenses, denying his motion for new trial based on newly discovered evidence, and denying his request for a jury instruction on theft as a lesser included offense of dealing in stolen property. 979 So.2d at 971-72. In that appeal, we addressed those issues, the last without comment. Id. In this appeal, Kablitz raises these same issues, which we need not readdress. See Florida Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001) (“The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.”); see also Greene v. Massey, 384 So.2d 24, 28 (Fla.1980) (“All points of law which have been adjudicated become the law of the case and are, except in exceptional circumstances, no longer open for discussion or consideration in subsequent proceedings in the case.”).
Not previously raised, Kablitz asserts that the trial court’s failure to instruct the jury — pursuant to section 812.025 — that he could be convicted of dealing in stolen property or theft, but not both, constitutes fundamental error. We addressed the very same issue in Kiss v. State, 42 So.3d 810, 811 (Fla. 4th DCA 2010), concluding that a trial court’s failure to instruct the jury pursuant to that section constitutes fundamental error. We reach the same conclusion in this ease and accordingly reverse for a new trial. In so holding, we certify conflict with Blackmon v. State, 58 So.3d 343 (Fla. 1st DCA 2011), and Williams v. State, 66 So.3d 360 (Fla. 2d DCA 2011), regarding the proper remedy when a defendant is convicted of both theft and dealing in stolen property.

Affirmed in Part; Reversed in Part and Remanded for New Trial.

WARNER and GERBER, JJ., concur.