QUINCE, J.
We have for review Kablitz v. State, 134 So.3d 969, 36 Fla. L. Weekly D2358 (Fla. 4th DCA Oct. 26, 2011), in which the Fourth District Court of Appeal found it fundamental error when the trial court failed to instruct the jury that the defendant could not be convicted of both theft and dealing in stolen property in connection with one scheme or course of conduct. The Fourth District certified conflict with Blackmon v. State, 58 So.3d 343 (Fla. 1st DCA 2011), approved, 121 So.3d 535 (Fla.2013). At the time that the Fourth District issued its decision below, Blackmon was pending review in this Court. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We stayed the proceedings in this case pending disposition of Blackmon v. State, 121 So.3d 535 (Fla.2013), in which we ultimately affirmed the First District’s ruling that when a defendant is convicted of both dealing in stolen property and theft in connection with the same scheme or course of conduct, though “the trial court erred, it was not fundamental error such that we would require a new trial.” Id. at 549. We then issued an order in the instant case directing Respondent to show cause why this Court should not accept jurisdiction, summarily quash the Fourth District’s decision in Kablitz, and remand for reconsideration in light of our decision in Blackmon. Respondent filed a response conceding that this Court’s decision in Blackmon was controlling. Petitioner did not reply.
Upon consideration of Respondent’s response, we grant the petition for review, quash the district court’s decision in Ka-blitz, and remand this case to the Fourth District with instructions that the case be remanded to the trial court for further proceedings consistent with this Court’s decision in Blackmon.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.