DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN KABLITZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-844

[May 13, 2015]

Petition alleging ineffective assistance of counsel to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard I. Wennet, Judge; L.T. Case No. 2004CF003068AXX.

Brian Kablitz, South Bay, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The petition alleging ineffective assistance of appellate counsel is denied. The petition is impermissibly successive as a prior petition was denied on the merits in case number 4D14-3516. Petitioner does not provide any explanation why this claim could not have been raised in the prior petition. *Morris v. State*, 134 So. 3d 1066, 1067 (Fla. 4th DCA 2013), *review denied*, 139 So. 3d 887 (Fla. 2014). In addition, the petition lacks merit.

This case has a long history. In relevant part, petitioner was convicted after jury trial of petit theft (a lesser offense of grand theft) and dealing in stolen property. This Court affirmed on direct appeal. *Kablitz v. State*, 979 So. 2d 969, 970 (Fla. 4th DCA 2008). This Court granted a new appeal after finding appellate counsel ineffective for failing to argue fundamental error because the jury was not instructed that it could convict of theft or dealing in stolen property, but not both. *Kablitz v. State*, 13 So. 3d 155 (Fla. 4th DCA 2009). In the new appeal, we agreed with appellate counsel and ordered a new trial. *Kablitz v. State*, 134 So. 3d 969, 970 (Fla. 4th DCA 2011) (certifying conflict with *Blackmon v. State*, 58 So. 3d 343 (Fla.

1st DCA 2011), which held that the proper remedy was to remand to vacate the lesser offense).

The Florida Supreme Court disagreed with this Court's holding and determined that the proper remedy where the defendant did not raise the issue with the trial court was to remand to vacate the petit theft conviction. *Blackmon v. State,* 121 So. 3d 535, 549 (Fla. 2013). The Florida Supreme Court quashed this Court's decision and remanded "with instructions that the case be remanded to the trial court for further proceedings consistent with [the] Court's decision in *Blackmon.*" *State v. Kablitz,* 136 So. 3d 1122, 1122 (Fla. 2014). This Court did just that and complied with the Florida Supreme Court's mandate. *Kablitz v. State,* 138 So. 3d 602 (Fla. 4th DCA 2014).

Petitioner now contends that appellate counsel should have argued that a different remedy should have been applied in his case and that the trial court should have been permitted to choose which of the two offenses to vacate. *See Anucinski v. State,* 148 So. 3d 106, 107 (Fla. 2014) (holding this is the proper remedy where the defendant entered an open plea); *cf. Williams v. State,* 121 So. 3d 524, 534 (Fla. 2013) (holding that a new trial is the proper remedy where the defendant objected to the failure to instruct the jury). Petitioner argues that his case is different from *Blackmon* because he did not *sell* the stolen items, but *pawned* them and then later returned and redeemed them. He contends the jury in these circumstances may have been more likely to find that he was a common thief.

Petitioner fails to establish that appellate counsel performed deficiently. In the new appeal he was granted to raise this specific issue, counsel argued for a new trial, which was consistent with binding precedent of this Court at the time. *See Kiss v. State,* 42 So. 3d 810, 811 (Fla. 4th DCA 2010).

To the extent that petitioner is arguing that appellate counsel should have presented argument following the Florida Supreme Court's remand to this Court, appellate counsel cannot be deemed ineffective for failing to present a novel legal argument. *Steinhorst v. Wainwright,* 477 So. 2d 537, 540 (Fla. 1985) (rejecting claim of ineffective assistance of appellate counsel because the argument "had not been recognized as meritorious under prevailing law at the time of petitioner's appeal, nor has it been since then" and further explaining that "[t]he failure to present a novel legal argument not established as meritorious in the jurisdiction of the court to whom one is arguing is simply not ineffectiveness of legal counsel"). Petitioner has cited no authority for applying a remedy other than the one

2

the Florida Supreme Court found appropriate in *Blackmon*, where a defendant did not object to the failure to instruct the jury. The Florida Supreme Court expressly directed that this matter be remanded to the trial court to proceed consistent with *Blackmon*. Appellate counsel cannot be deemed deficient in these circumstances.

*Petition denied.*

DAMOORGIAN, C.J., STEVENSON and CONNER, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***