HAZOURI, J.
The state charged Leslie Kiss with three counts of dealing in stolen property and one count of grand theft of the same property. The charges of grand theft and dealing in stolen property were in connection with one scheme or course of conduct and, pursuant to section 812.025, Florida Statutes (2007), the state chose to charge Kiss in a single information. Section 812.025 provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
The parties do not dispute that the charges of dealing in stolen property and grand theft were in connection with one scheme or course of conduct.
The case was tried before a jury and the state presented evidence sufficient to convict Kiss of dealing in stolen property or grand theft. The jury returned a verdict finding Kiss guilty on all four counts.
Kiss appeals, asserting that the trial court committed fundamental error by failing to instruct the jury — pursuant to section 812.025 — that it could return a guilty verdict on one or the other of the charges, but not both. Kiss further asserts that the trial court did not properly cure this error by adjudicating him guilty on the counts for dealing in stolen property and discharging him as to the count for grand theft. Rather, he contends that he is entitled to a new trial. We agree, and reverse and remand for a new trial.
We are once again faced with the conundrum created by the application of section 812.025. As Judge Klein noted in his special concurring opinion in Anderson v. State, 2 So.3d 303 (Fla. 4th DCA 2008):
This statute, which has been in effect for decades, and is not difficult to apply, continues to generate appeals. The error resulting from it being ignored in the trial court ean be raised for the first time on appeal, because it is considered fundamental.
[[Image here]]
... If the jury had followed the statute, and was required to choose, it might well have returned a verdict only on the theft charge. The failure to charge the jury on this statute thus puts a defendant at a disadvantage.
Id. at 304. As this court noted in Aversano v. State, 966 So.2d 493 (Fla. 4th DCA *812 2007), the Florida Supreme Court, in construing the application of section 812.025, stated:
“Section 812.025 allows the State to charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts, but the trier of fact must then determine whether the defendant is a common thief who steals property with the intent to appropriate said'property to his own use ... or whether the defendant traffics or endeavors to traffic in the stolen property. The linchpin of section 812.025 is the defendant’s intended use of the stolen property. The legislative scheme allows this element to be developed at trial and it is upon this evidence that the trier of fact may find the defendant guilty of one or the other offense, but not both.”
Id. at 496 (quoting Hall v. State, 826 So.2d 268, 271 (Fla.2002)) (emphasis added). As we further noted in Aversano, although counsel for the defendant did not request a jury instruction on section 812.025, it was fundamental error not to so instruct the jury. Id.
The state asserts there is no error, as the trial court struck the charge of grand theft and sentenced Kiss only on the dealing in stolen property counts. The supreme court’s decision in Hall, and the plain meaning of section 812.025, makes it clear that the state is not entitled to have the jury convict Kiss of both dealing in stolen property and grand theft. The statute does not permit this option. To conclude otherwise would make the language of the statute meaningless.
When engaging in statutory construction,
[i]t is well settled that legislative intent is the polestar that guides a court’s statutory construction analysis. Thus, to determine the meaning of a statute, we first look to its plain language. When the statute is clear and unambiguous, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.
Saleeby v. Rocky Elson Constr., Inc., 3 So.3d 1078, 1082 (Fla.2009) (citations omitted) (internal quotation marks omitted). There is no ambiguity in section 812.025, as that section’s statutory language is clear.
There are numerous cases from the district courts that have concluded that the cure to this anomaly of permitting a jury to return a verdict for both dealing in stolen property and grand theft is to strike the lesser of the two offenses. A review of these cases shows that there is no analysis given to support this remedy. The source of this misconception resides in the Fifth District Court of Appeal’s decision in Ridley v. State, 407 So.2d 1000, (Fla. 5th DCA 1981), which is the cited authority for this supposed cure.
Ridley was charged with trafficking in stolen property and grand theft, arising out of one scheme or transaction pursuant to section 812.025, Florida Statutes (1979). The court in Ridley noted that section 812.025 “prohibits a guilty verdict on both, counts charging these two statutory offenses as to the same property.” Id. at 1002. It further noted that while the State was not required to elect between these counts, section 812.025 requires that the trial court should have instructed the jury that guilty verdicts could not be returned as to both counts. Because this was not done, the district court felt compelled to reheve Ridley of one of the two convictions. In doing so, the district court noted that
we find no law exactly in point indicating which of the two convictions and sentences should be reversed and vacat *813 ed. Since we uphold appellant’s conviction of burglary as based on the inference that he committed the theft, which in turn is based on the inference arising from his possession of recently stolen property, it is somewhat illogical to uphold the conviction of burglary and void the conviction of the theft upon which it is based.
Id. (emphasis added).
At this juncture, the Fifth District mistakenly analogized this situation to one involving double jeopardy, although recognizing that it is not directly applicable.
Cases involving the voiding of one of two convictions because of double jeopardy concepts and cases under the now repealed “single transaction rule” are not directly applicable. However, since dealing in stolen property is a felony of the second degree, and grand theft of the second degree is but a felony of the third degree, and the State has convinced the jury beyond a reasonable doubt as to both, we reverse the less serious conviction.
Id. (footnote omitted) (citations omitted).
Charging a defendant with dealing in stolen property and grand theft does not involve the issue of double jeopardy. If this were so, then the Fifth District would have been correct in its supposition that an appellate court, when faced with dual jury verdicts for dealing in stolen property and grand theft, should reverse the lesser offense conviction and affirm the greater. See Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006) (stating that when an appellate court determines that dual convictions are impermissible because they violate double jeopardy, “the appellate court should reverse the lesser offense conviction and affirm the greater”). However, dealing in stolen property and grand theft each has an essential element that the other lacks. See §§ 812.019, 014, Fla. Stat. (2007). Thus, a conviction for both survives the Blockburger test and does not violate double jeopardy. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
As noted by Judge Klein in Anderson, 2 So.3d at 304, failure to instruct the jury on section 812.025 puts the defendant at a disadvantage. That disadvantage exists in the instant case. In choosing to sentence Kiss on the dealing in stolen property charges, the trial court imposed a sentence of three and one-half years in prison, followed by five years probation. Had the jury found Kiss guilty of only grand theft, the maximum sentence could not exceed five years. See § 775.082(3)(d), Fla. Stat. (2007). As noted above, the state is free to charge both offenses, but the trier of fact must choose one or the other — but not both.
We, therefore, reverse and remand for a new trial, and we certify conflict with Rid-ley and its progenies.

Reversed and Remanded for New Trial.

STEVENSON, J., concurs.
GERBER, J., concurs specially with opinion.