*361
 
 ALTENBERND, Judge.
 

 Melvin D. Williams appeals his judgments and sentences for burglary of an unoccupied dwelling, dealing in stolen property, and providing false information to a pawnbroker. The trial court dismissed a charge of third-degree grand theft after the jury returned a verdict of guilty on both grand theft and dealing in stolen property. The only issue that Mr. Williams raises in this appeal is his claim that the trial court should have instructed the jury that it could return a verdict on the offense of grand theft or the offense of dealing in stolen property, but not on both offenses, as explained in section'812.025, Florida Statutes (2008). There is conflicting case law on this issue.
 
 Compare Kiss v. State,
 
 42 So.3d 810 (Fla. 4th DCA 2010) (concluding that the proper remedy for allowing a jury to return guilty verdicts for grand theft and dealing in stolen property is to reverse and remand both offenses for a new trial),
 
 with Blackmon v. State,
 
 58 So.3d 343 (Fla. 1st DCA 2011) (disagreeing with
 
 Kiss
 
 and concluding that when a jury returns verdicts for dealing in stolen property and grand theft, the trial court may vacate the conviction for the lesser offense).
 

 We conclude that the procedural requirements in section 812.025 are unenforceable to the extent that the statute (1) attempts to establish a procedure by which a jury does not return a factual finding announcing a verdict of guilty on each of the two separately charged offenses despite its determination that the State has proven the offenses beyond a reasonable doubt and (2) requires the jury to make this selection without any legal criteria or factual basis.
 

 We note that for many years, trial courts have been attempting to fulfill the apparent substantive intent of this statute by obtaining factual determinations from the jury on both charges and then entering a judgment of conviction and a sentence on the greater charge. While there is an argument that the trial court should enter judgment on the offense resulting in the shorter sentence, this panel will make no request to this court to consider en banc whether we should recede from the established case law, which appears to include case law from the supreme court. Instead, we recognize conflict with
 
 Kiss
 
 and certify three questions of great public importance at the end of this opinion.
 

 I. The Facts.
 

 On August 8, 2008, someone burglarized a home in Tampa. The burglar took two digital gaming systems, some DVDs, and a camera. During the investigation of the burglary, the police discovered fingerprints at the scene of the crime that matched Mr. Williams’ fingerprints. A further investigation at a pawn shop established that someone had pawned a digital gaming system on August 9. The event was recorded on a video recorder, and the person who pawned the system appeared to be Mr. Williams. Mr. Williams’ fingerprints were taken at trial, and expert testimony established that the prints from trial matched both the prints at the home and at the pawn shop.
 

 The State charged Mr. Williams with four offenses: (1) burglary of an unoccupied dwelling,
 
 [1]
 
 (2) third-degree grand theft,
 
 [2]
 
 (3) dealing in stolen property,
 
 [3]
 
 and (4) providing false information to a pawnbroker.
 
 [4]
 
 During the jury trial, Mr. Williams asked the court to instruct the
 
 *362
 
 jury under section 812.025. The proposed instruction essentially tracked the language of the statute, which states:
 

 Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
 

 The trial court denied this request, explaining that there was no standard instruction on this topic and that the proposed instruction was inadequate to explain to the jury how to make this decision. The trial court also appears to have been persuaded by the State’s argument that the statute should not apply in this context because Mr. Williams had taken more items in the burglary than he had pawned at the pawnshop.
 

 The jury returned a verdict of guilty as charged on all four counts. At sentencing, the trial court dismissed the grand theft charge, as the lesser of the two offenses. The trial court then sentenced Mr. Williams to fifteen years’ imprisonment for the burglary concurrent with fifteen years’ imprisonment for the offense of dealing in stolen property. It imposed a consecutive five years’ imprisonment for the final offense of providing false information to a pawnbroker. Relying on
 
 Kiss,
 
 Mr. Williams argues that he is entitled to a new trial because he did not receive the requested instruction.
 

 II. This Court’s Case Law Did Not Require the Trial Court to Provide the Requested Instruction.
 

 The procedure the trial court utilized to fulfill the intent of section 812.025 is the same procedure that most, if not all, circuit courts have used in this district for many years. When a trial court overlooks this statute, on appeal this court has consistently reversed only the lesser offense and, if necessary, remanded the case for resen-tencing without consideration of the lesser offense.
 
 See, e.g., Wilson v. State,
 
 884 So.2d 74 (Fla. 2d DCA 2004);
 
 Rife v. State,
 
 446 So.2d 1157 (Fla. 2d DCA 1984);
 
 Victory v. State,
 
 422 So.2d 67 (Fla. 2d DCA 1982).
 

 In
 
 Hall v. State,
 
 826 So.2d 268, 271 (Fla.2002), which involved a similar dual conviction albeit in the context of a plea, the supreme court held that the defendant could be convicted of only one offense. The court did not remand to allow the defendant to withdraw his plea. Instead it sent the case back to the Fourth District with instructions to reverse one of the two affected judgments and sentences.
 
 [5]
 

 Id.
 
 at 272. The supreme court expressly approved this court’s decision in
 
 Victory,
 
 which had reversed a second judgment and sentence in a similar manner.
 
 Id.
 
 Even the Fourth District has reversed such cases without ordering a new trial, recognizing that “[t]he remedy routinely imposed under these circumstances ... is vacating the conviction which carries the lesser sentence.”
 
 Anderson v. State,
 
 2 So.3d 303, 304 (Fla. 4th DCA 2008).
 
 [6]
 
 
 *363
 
 Thus, in this case, the trial court did not err in following established precedent.
 

 III. The Trial Court Did Not Need to Give the Proposed Instruction on Section 812.025, and We Doubt that Any Instruction is Appropriate in this Context.
 

 Despite the established case law, Mr. Williams preserved this issue in the trial court and now forcefully argues that he was entitled to an instruction that tracks the statute. We disagree because the language of section 812.025 is not an adequate jury instruction and we doubt that there is any adequate method to instruct on this statute for several reasons. This statute is odd in many respects, and we are convinced that the courts of this state will better achieve the legislature’s intent in this statute by following the current, routine methods and not by giving the jury an instruction that provides them no guidance in their decision.
 

 The legislature enacted this statute in 1977.
 
 See
 
 Ch. 77-842, § 9, Laws of Fla. As the Fourth District accurately noted in
 
 Kiss,
 
 the statute is not necessary to avoid a claim of double jeopardy.
 
 See
 
 42 So.3d at 813. Instead, it is a rare, if not unique, form of statutory double jeopardy that announces a legislative policy encouraging the courts to convict a defendant of fewer than all possible offenses in this context. Since 1988, the policy the legislature announced in this statute has been in clear conflict with the policy it announced in section 775.021(4)(b), Florida Statutes (1988). Nevertheless, the legislature is free to announce conflicting policies if it chooses to do so.
 

 On its face, this statute allows the State to charge a defendant with both grand theft and dealing in stolen property. It also allows the State to try these charges in one trial, and presumably the State may present evidence establishing both crimes. The trial court then instructs the jury on the elements of both crimes. But having found that the State has proven both crimes beyond a reasonable doubt, the jury “may return a guilty verdict on one or the other, but not both, of the counts.” § 812.025.
 

 This statute does not prevent a court from entering a judgment, which is the actual adjudication of guilt that is the condition precedent to the entry of a sentence.
 
 See
 
 Fla. R.Crim. P. 3.650 & 3.700(a). Instead, it essentially prevents a jury from checking a box on a verdict form to disclose its findings of fact as to one of two charges. Significantly, the legislature has given neither the jury nor the trial court any guidance on which of the two boxes the jury should leave empty. This lack of any criteria for the jury’s determination is very problematic.
 

 In many cases, grand theft is a third-degree felony and dealing in stolen property is a second-degree felony.
 
 See
 
 §§ 812.014(2)(c), .019(1). Obviously, grand theft can be a greater felony depending upon the value of the stolen property.
 
 See
 
 § 812.014(2)(a)-(b). Dealing in stolen property is not always a second-degree felony and can even be a misdemeanor in some contexts.
 
 See
 
 §§ 812.019(1), .0195. A trial court generally does not instruct a jury on the degree of various offenses. Even in cases of lesser offenses, the trial court typically instructs the jury on the factual issues of the lesser offenses but gives no information about the level of the offense.
 
 See Knight v. State,
 
 668 So.2d 596, 598 (Fla.1996). Thus, if the jury is to make this selection on some basis other than a random or arbitrary choice, then the trial court will need to give it extensive, unusual instructions.
 

 To help the jury select between the offenses, it might be logical to inform the jury of the penalty. However, rule
 
 *364
 
 3.390(a) expressly prohibits a trial judge from instructing a jury on the sentence that may be imposed except in capital cases. This rule of procedure essentially overrides the language of section 918.10, Florida Statutes (2008), which has long stated that the charge to the jury “must include the penalty for the offense.”
 
 See, e.g., Palazzolo v. State,
 
 754 So.2d 731, 736 (Fla. 2d DCA 2000) (“[Rule] 3.390(a) overrides section 918.10(1) ... and precludes an instruction explaining a penalty when the jury will play no role in sentencing.”). In an era of complex sentencing statutes, any attempt to instruct a jury on the relevant penalties would be daunting.
 
 [7]
 

 Because the statute contains no criteria, we do not actually know whether the legislature intended the jury to select the greater offense, as would be the case with double jeopardy, or whether it intended the jury to follow the rule of lenity and select the lesser offense. If it intended the jury to have the discretion to pick either the greater or the lesser offense for any or no reason, the rule would seem to be impermissibly arbitrary.
 

 In many respects, the core problem with this statute is that it is attempting to require the trial court to have the finder of fact make decisions that simply are not factual decisions. After a jury has found that the State proved the elements of both offenses beyond a reasonable doubt, its job is done. It has never been, and should not be, the function of the jury to make additional legal decisions that are not at least mixed questions of fact and law. Nothing in this statute makes the selection of one offense or the other a question of fact or even a mixed question of fact and law.
 

 To make matters more complex, the courts of this state have interpreted the statute to prevent dual convictions in some, but not all, cases. As Justice Cana-dy explained when he was a member of this court:
 

 The State concedes that this provision precluded Wilson from being convicted of both the dealing in stolen property charge and the grand theft charge. As we noted in
 
 Rife v. State,
 
 446 So.2d 1157, 1158 (Fla. 2d DCA 1984), section 812.025 precludes dual convictions for theft and dealing in stolen property only when those charges relate to “one scheme or course of conduct” and thus does not entirely foreclose the possibility of prosecution for both offenses in connection with the same stolen property. However, as was true of the defendant in
 
 Rife,
 
 Wilson was accused of stealing and selling the same property on the same day.
 
 Id.
 
 Likewise, nothing in the instant case “meaningfully disrupted] the flow [of Wilson’s conduct] by a clearly disjunctive interval of time or set of circumstances.”
 
 Id.
 
 Consequently, we conclude that the State correctly concedes error. The State also correctly indicates that the lesser of the two convictions, the grand theft conviction, should be vacated.
 
 See id.
 
 at 1158;
 
 Gray v. State,
 
 611 So.2d 100, 101 (Fla. 1st DCA 1992);
 
 T.S.R. v. State,
 
 596 So.2d 766, 767 (Fla. 5th DCA 1992).
 

 
 *365
 

 Wilson v. State,
 
 884 So.2d 74, 77 (Fla. 2d DCA 2004). In this case, the trial court gave Mr. Williams the benefit of section 812.025, but it is not entirely clear from the evidence that he was entitled to its benefit.
 

 IV. A New Trial is Not an Essential Remedy.
 

 Without regard to the convictions for grand theft and dealing in stolen property, Mr. Williams has proper judgments and sentences for burglary of an unoccupied dwelling and providing false information to a pawnbroker. As a practical matter, his total sentence of twenty years’ imprisonment for these two offenses will not be affected whether his final offense is deemed to be grand theft as a third-degree felony or dealing in stolen property as a second-degree felony. We recognize, however, that from a legal standpoint, he probably has sustained harm if he was convicted of a second-degree felony when the offense should have been the third-degree felony.
 

 In this appeal, Mr. Williams has not asked this court to substitute a judgment and sentence for grand theft for the judgment and sentence he received for dealing in stolen property. He requests a new trial because this was the relief granted in
 
 Kiss.
 
 We see no need for such a remedy. The factual determinations of the prior jury appear to be without error. All that remains is to select one offense or the other as the offense resulting in a judgment and sentence.
 
 [8]
 
 The courts have been following the policies of double jeopardy as to this issue. Even if we concluded that we must select the offense with the lesser degree or the lesser penalty, a new trial would not be warranted.
 

 V. Questions of Great Public Importance.
 

 Given that it is fundamental error in at least one district for a trial court to fail to give the instruction that we reject today, and in light of the significant number of cases that are tried involving both of these offenses, we certify the following questions of great public importance:
 

 1. MUST THE TRIAL COURT INSTRUCT THE JURY TO PERFORM THE SELECTION PROCESS DESCRIBED IN SECTION 812.025 OF THE FLORIDA STATUTES?
 

 2. IF SO, MUST THE APPELLATE COURT ORDER A NEW TRIAL ON BOTH OFFENSES IF THE TRIAL COURT FAILS TO GIVE THE INSTRUCTION?
 

 3. IF THE APPELLATE COURT IS NOT REQUIRED TO MANDATE A NEW TRIAL, MUST IT REQUIRE THE TRIAL COURT TO SELECT THE GREATER OFFENSE OR THE LESSER OFFENSE WHEN THE TWO OFFENSES ARE OFFENSES OF DIFFERENT DEGREES OR OF DIFFERENT SEVERITY RANKING?
 

 Affirmed.
 

 KELLY and LaROSE, JJ., Concur.
 

 [1]
 

 .
 
 See
 
 § 810.02(3)(b), Fla. Stat. (2008).
 

 [2]
 

 .
 
 See
 
 § 812.014(2)(c)(1), Fla. Stat. (2008).
 

 [3]
 

 . See § 812.019(1).
 

 [4]
 

 .
 
 See
 
 § 539.001(8), Fla. Stat. (2008).
 

 [5]
 

 . We can find no follow-up case from the Fourth District to determine which judgment and sentence it may have reversed.
 

 [6]
 

 . The Fourth District has never overruled
 
 Anderson v. State,
 
 2 So.3d 303 (Fla. 4th DCA 2008), in an en banc opinion, and we question the authority of the panel in
 
 Kiss v. State,
 
 42 So.3d 810 (Fla. 4th DCA 2010), to disregard the routine remedy that the Fourth District had used in prior cases, especially in the context of fundamental error.
 

 [7]
 

 . In
 
 Aversano v. State,
 
 966 So.2d 493 (Fla. 4th DCA 2007), the Fourth District did not require a new trial in a similar case. Because both grand theft and dealing in stolen property were second-degree felonies in that case, the Fourth District required the trial court to vacate the judgment for the offense with the lesser offense severity ranking. It stretches the imagination to believe that we could or should instruct juries on the significance of severity rankings, especially when the trial court is not allowed to use those rankings to determine the order of lesser offenses on a typical verdict form.
 
 See also Sanders v. State,
 
 944 So.2d 203 (Fla.2006).
 

 [8]
 

 . Because the statute provides no basis for selection, we could arguably flip a coin to make this decision but our act in doing so would only demonstrate the impropriety of the statute,