PER CURIAM.
 

 Joshua Allen Poole was charged with burglary, dealing in stolen property, and grand theft. At trial, the court did not instruct the jury that it could not find Poole guilty of both grand theft and dealing in stolen property under section 812.025, Florida Statutes (2009), and Poole did not request such an instruction. The jury convicted Poole of both dealing in stolen property and the lesser-included offense of petit theft, but acquitted him of
 
 *432
 
 burglary. Thereafter, the trial court dismissed the theft charge and sentenced Poole only for dealing in stolen property.
 

 On appeal, Poole argues that the trial court fundamentally erred by failing to instruct the jury that under section 812.025, it could not return a guilty verdict for both theft and dealing in stolen property and that he is entitled to a new trial pursuant to
 
 Kiss v. State,
 
 42 So.3d 810 (Fla. 4th DCA 2010). In
 
 Williams v. State,
 
 66 So.3d 360 (Fla. 2d DCA 2011), this court held that the court’s failure to instruct the jury on section 812.025 does not constitute fundamental error warranting a new trial. Accordingly, we affirm Poole’s judgment and sentence and as in
 
 Williams,
 
 we certify conflict with
 
 Kiss
 
 and certify the following questions to the Florida Supreme Court:
 

 I. MUST THE TRIAL COURT INSTRUCT THE JURY TO PERFORM THE SELECTION PROCESS DESCRIBED IN SECTION 812.025 OF THE FLORIDA STATUTES?
 

 II. IF SO, MUST THE APPELLATE COURT ORDER A NEW TRIAL ON BOTH OFFENSES IF THE TRIAL COURT FAILS TO GIVE THE INSTRUCTION?
 

 III. IF THE APPELLATE COURT IS NOT REQUIRED TO MANDATE A NEW TRIAL, MUST IT REQUIRE THE TRIAL COURT TO SELECT THE GREATER OFFENSE OR THE LESSER OFFENSE WHEN THE TWO OFFENSES ARE OFFENSES OF DIFFERENT DEGREES OR OF DIFFERENT SEVERITY RANKING?
 

 KELLY, KHOUZAM, and BLACK, JJ., Concur.