ALTENBERND, Judge.
 

 Michael B. Wilkins appeals the judgment and sentences entered after a jury found him guilty of burglary of a dwelling, grand theft, and dealing in stolen property. Although the jury returned a guilty verdict on all three charges, the trial court correctly entered the judgment and sentences only on burglary of a dwelling and dealing in stolen property, not on grand theft. Mr. Wilkins argues that the trial court’s remedy was erroneous. He asserts that he is entitled to a new trial pursuant to
 
 Kiss v. State,
 
 42 So.3d 810 (Fla. 4th DCA 2010), arguing that the trial court fundamentally erred by failing to instruct the jury that under section 812.025, Florida Statutes (2006), it could not return a guilty verdict for both grand theft and dealing in stolen property. With respect to this issue, this court has previously certified conflict with
 
 Kiss,
 
 as well as certifying three questions of great public importance related to this issue.
 
 Poole v. State,
 
 67 So.3d
 
 *19
 
 431 (Fla. 2d DCA 2011);
 
 Williams v. State,
 
 66 So.3d 360 (Fla. 2d DCA 2011),
 
 review granted,
 
 No. SC11-1543, 2011 WL 4597556 (Fla. Sept. 22, 2011) (table decision);
 
 see also Blackmon v. State,
 
 58 So.3d 343 (Fla. 1st DCA 2011) (disagreeing with
 
 Kiss
 
 and concluding that when a jury returns verdicts for both dealing in stolen property and petit theft, the trial court may vacate the conviction for the lesser offense),
 
 review granted,
 
 67 So.3d 198 (Fla. 2011) (table decision). We affirm, but again certify conflict with
 
 Kiss,
 
 and also certify the same three questions of great public importance.
 

 On August 29, 2006, Mr. Wilkins stole property and then pawned a portion of the property. The property that he took had limited value. As a result, the evidence would appear sufficient to support a conviction of grand theft of $300 or more, as charged, only if the amount included within the pawn shop transaction is also included within the theft.
 

 At trial, the court did not instruct the jury that it could find Mr. Wilkins guilty of either grand theft or dealing in stolen property, but not both, and Mr. Wilkins did not request this instruction.
 
 See
 
 § 812.025 (providing that under proper circumstances a defendant may be charged with and tried for both “theft and dealing in stolen property in connection with one scheme or course of conduct ..., but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts”). All of the charges were submitted to the jury, and it found Mr. Wilkins guilty of each offense. With respect to dealing in stolen property and grand theft, the trial court entered a judgment and sentence for dealing in stolen property, as a second-degree felony, but not for grand theft, as a third-degree felony in this case. This is the same procedure “that most, if not all, circuit courts have used in this district for many years” to satisfy the intent of section 812.025.
 
 Williams,
 
 66 So.3d at 362.
 

 In
 
 Williams,
 
 which was decided after
 
 Kiss,
 
 this court held that a new trial was not warranted on the basis of the trial court’s failure to give an instruction on section 812.025, even when the defendant requested the instruction and preserved the issue for review.
 
 Williams, 66
 
 So.3d at 365. In
 
 Williams,
 
 the offenses occurred on two separate days and Mr. Williams pawned only a portion of the stolen items.
 
 Id.
 
 Thus, it may have been possible to sustain a conviction for grand theft and a conviction for dealing in stolen property due to the break in time and by allocating portions of the amount stolen to each offense.
 

 We affirm this case based on the reasoning in
 
 Williams,
 
 recognizing that the facts in this case cannot be distinguished from those in
 
 Kiss.
 
 Our affirmance in this case is in direct conflict with
 
 Kiss.
 

 Affirmed; conflict certified; questions certified.
 

 VILLANTI and WALLACE, JJ., Concur.