SILBERMAN, Chief Judge.
Tonshad Levon Culpepper appeals his convictions and sentences for burglary of a dwelling, dealing in stolen property, and false verification of ownership to pawnbroker. He raises three issues, asserting two errors in the jury instructions and an error in the denial of his motion for judgment of acquittal. As to the issue regarding the failure to give a jury instruction on dealing in stolen property and grand theft pursu *522 ant to section 812.025, Florida Statutes (2011), we affirm and certify conflict with Kiss v. State, 42 So.3d 810 (Fla. 4th DCA 2010), and certify questions of great public importance. As to the remaining issues, we affirm without comment.
The State charged Culpepper with burglary of a dwelling, dealing in stolen property, grand theft, and false verification of ownership to pawnbroker, and the jury found Culpepper guilty as charged. Because the grand theft and dealing in stolen property charges arose from “one scheme or course of conduct,” see § 812.025, the trial court dismissed the grand theft count. The court then adjudicated Culpepper guilty of the z'emaining charges.
Culpepper contends that the trial court should have given his requested instruction to the jury that it could return a verdict for dealing in stolen property or grand theft, but not both, pursuant to Kiss, 42 So.3d 810, and section 812.025. Culpepper acknowledges this court’s precedent to the contrary in Williams v. State, 66 So.3d 360 (Fla. 2d DCA), review granted, 70 So.3d 588 (Fla.2011), in which this court determined that the jury instruction regarding section 812.025 is not warranted and failure to give the instruction does not require a new trial. This court has certified conflict with Kiss and certified three questions of great public importance to the Florida Supreme Court. See Wilkins v. State, 78 So.3d 18, 19 (Fla. 2d DCA 2011); Poole v. State, 67 So.3d 431, 432 (Fla. 2d DCA 2011); Williams, 66 So.3d at 365. We again certify conflict with Kiss and certify the following questions to the Florida Supreme Court that this court certified in Williams:
1.MUST THE TRIAL COURT INSTRUCT THE JURY TO PERFORM THE SELECTION PROCESS DESCRIBED IN SECTION 812.025 OF THE FLORIDA STATUTES?
2. IF SO, MUST THE APPELLATE COURT ORDER A NEW TRIAL ON BOTH OFFENSES IF THE TRIAL COURT FAILS TO GIVE THE INSTRUCTION?
3. IF THE APPELLATE COURT IS NOT REQUIRED TO MANDATE A NEW TRIAL, MUST IT REQUIRE THE TRIAL COURT TO SELECT THE GREATER OFFENSE OR THE LESSER OFFENSE WHEN THE TWO OFFENSES ARE OFFENSES OF DIFFERENT DEGREEES OR OF DIFFERENT SEVERITY RANKING?
Williams, 66 So.3d at 365.
Affirmed, conflict certified, and questions certified.
CASANUEVA and BLACK, JJ„ Concur.