DAVIS, Judge.
Adam Silva Millan challenges his conviction and sentence for dealing in stolen property. Millan originally was charged with one count each of petit theft and dealing in stolen property. At trial, the jury found Millan guilty of both charges, and at sentencing, the trial court dismissed the petit theft, adjudicated Millan guilty of dealing in stolen property, and sentenced Millan to eight months’ county jail. We affirm that conviction and sentence. However, we write to address Millan’s argument that the trial court erred by failing to instruct the jury that pursuant to section 812.025, Florida Statutes (2011), he could not be convicted of both theft and dealing in stolen property.
Section 812.025 provides as follows:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one-or the other, but not both, of the counts.
On appeal, Millan relies on Kiss v. State, 42 So.3d 810, 812 (Fla. 4th DCA 2010), in which the Fourth District held that “the plain meaning of section 812.025[] makes it clear that the state is not entitled to have the jury convict [a defendant] of both dealing in stolen property and grand theft.... To conclude otherwise would make the language of the statute meaningless.”
However, in Williams v. State, 66 So.3d 360, 361 (Fla. 2d DCA 2011), this court concluded
that the procedural requirements in section 812.025 are unenforceable to the extent that the statute (1) attempts to establish a procedure by which a jury does not return a factual finding announcing a verdict of guilty on each of the two separately charged offenses despite its determination that the State has proven the offenses beyond a reasonable doubt and (2) requires the jury to make this selection without any legal criteria or factual basis.
Accordingly, this court affirmed Williams’ conviction and sentence for dealing in stolen property. Id. In doing so, we certified conflict with the Fourth District’s opinion in Kiss and certified three questions as being of great public importance. 66 So.3d at 361.
*963 Pursuant to the reasoning in Williams, we affirm Millan’s conviction and sentence for dealing in stolen property and again certify conflict with the Fourth District’s opinion in Kiss. Additionally, we again certify the three questions that this court in Williams certified as being of great public importance.
Affirmed, conflict certified, and questions certified.
CASANUEVA and KHOUZAM, JJ., Concur.