WALLACE, Judge.
Terrick Crosby appeals his judgment and sentences for dealing in stolen property and for false verification of ownership to a pawn broker following a jury trial at which he represented himself. On appeal, Mr. Crosby argues that the trial court reversibly erred in denying his pretrial motion to dismiss his trial counsel without first holding a Nelson[1] hearing, in failing to renew the offer of assistance of counsel before permitting Mr. Crosby to represent *824 himself at trial, and in failing to properly instruct the jury under section 812.025, Florida Statutes (2009). We write to explain our decision on the first two issues and to certify conflict and questions of great public importance on the third issue.

FAILURE TO CONDUCT NELSON HEARING AND TO RENEW OFFER OF COUNSEL

On May 20, 2010, Mr. Crosby filed a motion to dismiss his trial counsel and requested a Nelson hearing. In his motion, Mr. Crosby raised numerous complaints about his counsel’s performance. These complaints were mostly refuted by the record or by the attachment to Mr. Crosby’s motion or were insufficient to establish reasonable cause to believe that counsel was rendering ineffective assistance. According to the trial court’s docket, on May 24, 2010, the trial court denied the motion to dismiss without a hearing.
Thereafter on December 7, 2010, the day of Mr. Crosby’s scheduled jury trial, Mr. Crosby filed a motion for a Faretta[2] hearing, asserting his right of self-representation and stating that he preferred to represent himself rather than “be misguided and mislead [sic] by [the] court[-]ap~ pointed public defender.” The trial court stopped the trial proceedings and held a Faretta hearing.[3]
At the hearing, the trial court asked Mr. Crosby why he wanted to represent himself, and Mr. Crosby raised several issues about counsel’s performance, which the trial court addressed. Although the trial court did not make any specific findings about counsel’s performance, it is clear from the trial court’s comments that it found that counsel’s performance was not deficient in any respect. The trial court then questioned Mr. Crosby about his ability to represent himself at trial, and it ultimately granted Mr. Crosby’s request to represent himself and to permit trial counsel to remain present to assist Mr. Crosby at trial. The trial court continued the trial.
The trial ultimately took place on December 9, 2010. Before voir dire, Mr. Crosby asked to address the court. The trial court noted that Mr. Crosby was representing himself and that standby counsel was present. The trial court noted that it had already evaluated Mr. Crosby’s right to represent himself and asked him if he still wished to represent himself; Mr. Crosby responded that he did. The trial court proceeded to voir dire, and Mr. Crosby represented himself throughout the trial with standby counsel present.
On appeal, Mr. Crosby argues that we must reverse his convictions and sentences and remand for a new trial because the trial court denied his motion to dismiss counsel without first holding a Nelson hearing.
The supreme court has adopted the procedure outlined by the Fourth District in Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), for addressing a criminal defendant’s request to discharge court-appointed counsel. See Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988). Preliminarily, the court must determine whether the defendant’s request to discharge counsel is unequivocal and, if it is, the court must ascertain the reason for the request. Jackson v. State, 33 So.3d 833, 835 (Fla. 2d DCA 2010). If the request is unequivocal and the defendant asserts *825 counsel’s ineffective assistance as the reason for the request, the court must conduct an inquiry “ ‘to determine if there is reasonable cause to believe that court-appointed counsel is not rendering effective assistance and, if so, appoint substitute counsel.’ ” Milkey v. State, 16 So.3d 172, 174 (Fla. 2d DCA 2009) (quoting Maxwell v. State, 892 So.2d 1100, 1102 (Fla. 2d DCA 2004)). If the court determines there is no such reasonable cause, then it need not pursue further inquiry. If the defendant pursues his request to discharge counsel, the court must inform him he is not entitled to court-appointed substitute counsel and that he must represent himself. Id. If the defendant seeks to represent himself, the court must conduct a Faretta inquiry to determine that the defendant is knowingly and intelligently waiving his right to counsel. Maxwell, 892 So.2d at 1102.
Torres v. State, 42 So.3d 910, 912 (Fla. 2d DCA 2010).
[A] defendant is not entitled to a Nelson hearing “where a defendant presents general complaints about defense counsel’s trial strategy and no formal allegations of incompetence have been made.” Morrison v. State, 818 So.2d 432, 440 (Fla.2002); see also Sexton v. State, 775 So.2d 923, 931 (Fla.2000) (holding that the defendant was not entitled to a Nelson hearing when he “was merely noting his disagreement with his attorney’s trial strategy ... and was not asserting a sufficient basis to support a contention that his attorney was incompetent”).
McLean v. State, 29 So.3d 1045, 1050-51 (Fla.2010) (alteration in original). “Similarly, a trial court does not err in failing to conduct a Nelson inquiry where the defendant merely expresses dissatisfaction with his attorney.” Morrison v. State, 818 So.2d 432, 440 (Fla.2002); see also Penn v. State, 51 So.3d 622, 623 (Fla. 2d DCA 2011) (“[Gjeneral allegations of dissatisfaction by a defendant are not enough to trigger the need for a full Nelson hearing.”); Milkey v. State, 16 So.3d 172, 174 (Fla. 2d DCA 2009) (noting same). But “a trial court’s failure to conduct any preliminary Nelson inquiry in response to a defendant’s wishes to discharge court-appointed counsel is a structural defect constituting reversible error.” Milkey, 16 So.3d at 174; see also Torres, 42 So.3d at 912 (“[A] court’s failure to conduct any preliminary Nelson hearing is per se error such that a harmless error test does not apply.”); Jackson v. State, 33 So.3d 833, 835 (Fla. 2d DCA 2010) (noting same). We review the adequacy of a trial court’s Nelson inquiry for an abuse of discretion, and, “[generally, the trial court’s ruling may also be reviewed to determine whether [any] error was harmless.” Torres, 42 So.3d at 912.
Here, Mr. Crosby’s allegations in his motion to dismiss about his counsel’s performance were either refuted by the record or by the attachment to Mr. Crosby’s motion or were insufficient to establish reasonable cause to believe that counsel was rendering ineffective assistance. But as this court observed in Jackson, the trial court must make a preliminary inquiry into a request to discharge counsel by “ascertaining] from the defendant whether the request is unequivocal and to explore the reasons behind the request.” 33 So.3d at 835. Depending on the defendant’s answer, further inquiry may be necessary.
In this case, after the trial court summarily denied Mr. Crosby’s motion to dismiss counsel, Mr. Crosby persisted in his request to discharge counsel and sought to represent himself by filing a motion for a Faretta hearing. At the subsequent Faretta hearing, the trial court *826 asked Mr. Crosby why he wished to represent himself, and Mr. Crosby again asserted counsel’s deficient performance. The trial court rejected the allegations that counsel’s performance was deficient and proceeded to inquire about Mr. Crosby’s ability to represent himself. Thus the trial court cured its error in failing to make an initial Nelson inquiry before denying the motion to dismiss. The court ultimately performed a preliminary Nelson inquiry and addressed Mr. Crosby’s allegations of deficient performance before addressing his request to represent himself at trial at the Faretta hearing. Accordingly, Mr. Crosby has not established reversible error based upon his argument that the trial court failed to conduct a Nelson hearing.
Mr. Crosby further argues that after granting Mr. Crosby’s request for self-representation, the trial court reversibly erred in failing to renew the offer of counsel before trial. Florida Rule of Criminal Procedure 3.111(d)(5) provides that “[i]f a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.” “The need to renew an offer of assistance of counsel is not dependent on the time between an initial offer and a subsequent critical stage, but rather is dependent on whether there are any intervening critical stages.” Monte v. State, 51 So.3d 1196, 1200 (Fla. 4th DCA 2011), review dismissed as improvidently granted, 103 So.3d 864 (Fla.2012). “[I]n situations where a defendant has properly waived the right to counsel, a trial court may proceed with the stage where counsel was waived without further offer of counsel.” Knight v. State, 770 So.2d 663, 669 (Fla.2000).
Here, Mr. Crosby’s waiver of his right to counsel at the December 7, 2010, hearing concerned the trial stage of the proceedings. Thus the trial court was not required to renew the offer of counsel to Mr. Crosby at the start of the trial. See McCarthy v. State, 731 So.2d 778, 780 (Fla. 4th DCA 1999); Lamb v. State, 535 So.2d 698, 699 (Fla. 1st DCA 1988). Accordingly, Mr. Crosby has not established reversible error based upon the trial court’s failure to renéw the offer of counsel before voir dire or the evidentiary portion of the trial.

FAILURE TO PROPERLY INSTRUCT THE JURY UNDER SECTION 812.025

In an amended information filed on November 22, 2010, the State charged Mr. Crosby with grand theft, dealing in stolen property, and providing false information to a pawn broker. Mr. Crosby allegedly committed all of the offenses on September 15, 2009, and all of the offenses involved the same property, a Dell D630 laptop computer.
During the jury charge conference, Mr. Crosby argued that under section 812.025 the trial court was required to instruct the jury that it could convict Mr. Crosby of either the offense of grand theft or the offense of dealing in stolen property, but not both. The trial court rejected Mr. Crosby’s argument and ruled that the jury would be instructed to determine Mr. Crosby’s guilt on all of the ehargés and that the trial court would make any legal determination about what offenses would be incorporated in a judgment. The trial court permitted the jury to consider all three offenses, and the jury returned guilty verdicts on all three offenses. Shortly after the jury returned the verdicts, the State moved to dismiss the grand theft charge and the trial court granted the State’s motion. The trial court thereafter adjudicated Mr. Crosby *827 guilty of dealing in stolen property and false verification of ownership to a pawn shop in accord with the jury’s verdict.
Mr. Crosby filed a motion for new trial in which he argued that he was entitled to a new trial as a result of the trial court’s failure to comply with section 812.025. After a hearing, the trial court denied the motion.
Citing to the Fourth District’s decisions in Aversano v. State, 966 So.2d 493 (Fla. 4th DCA 2007), and Kiss v. State, 42 So.3d 810 (Fla. 4th DCA 2010), Mr. Crosby argues on appeal that the trial court committed fundamental error when it failed to instruct the jury that it could convict him of grand theft or dealing in stolen property, but not both offenses. Further, he asserts that the trial court’s attempt to correct the error by permitting the State to dismiss the grand theft charge after the verdict was an insufficient cure and that he is entitled to a new trial.[4] We disagree.
Section 812.025 provides as follows:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
This court recently observed in Williams v. State, 66 So.3d 360, 362 (Fla. 2d DCA 2011), review granted, 70 So.3d 588 (Fla.2011), that when a trial court has not instructed the jury under section 812.025 and has permitted the jury to consider and convict a defendant of both grand theft and dealing in stolen property, “this court has consistently reversed only the lesser offense and, if necessary, remanded the case for resentencing without consideration of the lesser offense.” In Williams, we noted that the trial court had actually declined to instruct the jury that it could only return a verdict against Mr. Williams on one of the offenses. Id. at 361-62. And we concluded that the trial court did not reversibly err when it permitted the jury to consider and convict Mr. Williams of both offenses, after which the trial court dismissed the lesser of the two offenses. Id. at 362-65. We questioned whether an adequate jury instruction under section 812.025 could ever be fashioned, noting, in part, that the statute provides no guidance or criteria for a jury to use in selecting the appropriate offense if it finds that the evidence establishes that a defendant is guilty of both. Id. at 363-64. Thus we certified three questions of great public importance to the Florida Supreme Court as follows:
1. MUST THE TRIAL COURT INSTRUCT THE JURY TO PERFORM THE- SELECTION PROCESS DESCRIBED IN SECTION 812.025 OF THE FLORIDA STATUTES?
2. IF SO, MUST THE APPELLATE COURT ORDER A NEW TRIAL ON BOTH OFFENSES IF THE TRIAL *828 COURT FAILS TO GIVE THE INSTRUCTION?
3. IF THE APPELLATE COURT IS NOT REQUIRED TO MANDATE A NEW TRIAL, MUST IT REQUIRE THE TRIAL COURT TO SELECT THE GREATER OFFENSE OR THE LESSER OFFENSE WHEN THE TWO OFFENSES ARE OFFENSES OF DIFFERENT DEGREES OR OF DIFFERENT SEVERITY RANKING?
Id. at 365; see also Wilkins v. State, 78 So.3d 18, 19 (Fla. 2d DCA 2011) (certifying conflict with Kiss and certifying the questions certified in Williams); Poole v. State, 67 So.3d 431 (Fla. 2d DCA 2011) (same).
Based upon this court’s decision in Williams, we reject Mr. Crosby’s argument that the trial court erred in denying his motion for a new trial based on its failure to instruct the jury under section 812.025. In addition, we certify conflict with Kiss, and we certify to the Supreme Court of Florida the three questions certified in Williams.
CONCLUSION
Based on the foregoing discussion, we affirm Mr. Crosby’s convictions and sentences. With respect to Mr. Crosby’s argument concerning the requested jury instruction under section 812.025, we certify conflict with Kiss and repeat our certification of the three questions certified in Williams.
Affirmed.
KHOUZAM and BLACK, JJ, Concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. Upon this court's request for supplementation of the record, the transcript of that hearing was made part of the record on appeal.

. Mr. Crosby raised a number of additional arguments for the first time in his reply brief, which were not preserved for appellate review. Accordingly, we do not address these arguments because they are either procedurally barred or beyond the scope of our review. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985) (“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.”); Hoskins v. State, 75 So.3d 250, 257 (Fla.2011) (holding that an argument raised in the reply brief that was not raised in the initial brief was procedurally barred).