# Supreme Court of Florida

_____

No. SC13-417
_____

**TONSHAD LEVON CULPEPPER,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[April 17, 2014]

QUINCE, J.

We have for review Culpepper v. State, 107 So. 3d 521 (Fla. 2d DCA 2013), in which the Second District Court of Appeal affirmed the trial court's dismissal of a conviction of grand theft when the defendant was charged with both grand theft and dealing in stolen property in connection with one scheme or course of conduct. The Second District certified conflict with Kiss v. State, 42 So. 3d 810 (Fla. 4th DCA 2010), and certified the same questions it had certified in Williams v. State, 66 So. 3d 360 (Fla. 2d DCA 2011), quashed, 121 So. 3d 524 (Fla. 2013). At the time that the Second District issued its decision below, Williams was pending review in this Court. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

We stayed proceedings in this case pending disposition of Williams v. State, 121 So. 3d 524 (Fla. 2013). In Williams, we held that the defendant's convictions for dealing in stolen property and grand theft violated section 812.025, Florida Statutes (2008); that the trial court erred in denying the defendant's request for a jury instruction modeled after that section; and that the trial court erred in precluding defense counsel from arguing during closing arguments that the jury could find the defendant guilty of either offense. Id. at 534. We concluded that the errors were harmful and quashed the Second District's decision. Id. We then issued an order in the instant case directing Respondent to show cause why this Court should not accept jurisdiction, summarily quash the Second District's decision below, and remand for reconsideration in light of our decision in Williams. Respondent filed a response conceding that it was "unable to show cause why this Court should not accept jurisdiction and remand for reconsideration in light of its opinion in Williams." Petitioner did not file a reply.

Upon consideration of Respondent's response, we grant the petition for review, quash the district court's decision in Culpepper, and remand this case to the Second District with instruction that the case be remanded to the trial court for further proceedings consistent with this Court's decision in Williams.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

      Second District – Case No. 2D11-4647

      (Polk County)

Howard L. Dimmig, II, Public Defender, and Karen M. Kinney, Assistant Public Defender, Bartow, Florida,

      for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Robert J. Krauss, Chief-Assistant Attorney General and Dawn A. Tiffin, Assistant Attorney General, Tampa, Florida,

      for Respondent