PER CURIAM.
The State appeals the trial court’s dismissal of Counts I, III and IV of the information against David Floyd Holcomb. These counts alleged that Holcomb trafficked in stolen property by pawning items previously stolen by him. We vacate the order dismissing the three counts.
Neither of the parties considered the decision in State v. Nesta, 617 So.2d 720 (Fla. 2d DCA 1993) which is dispositive of the issue on appeal. The district court held that “[o]ne who attempts to sell or sells stolen goods to a pawnbroker is not using the stolen items for his own personal use but has met the statutory requirements for dealing in stolen property”, Nesta at 721. The defendant in Nesta argued that he intended to repurchase the items from the pawn shop. We, likewise, find no merit in Holcomb’s argument in the instant case that he did not deal in stolen property because when he pawned the stolen goods, he simply obtained a loan or entered into a conditional sales agreement that allowed him to repay the money received from the pawn and redeem the goods. We hold that such a transaction is a “transfer” as that term is used in the statutory *128 definition of trafficking in property. Sections 812.012(7) and 812.019(1), Fla.Stat. (1991).
The order of dismissal is vacated and we remand for farther proceedings.
DISMISSAL VACATED; REMANDED.
GOSHORN, PETERSON and GRIFFIN, JJ., concur.