978 So.2d 272 (2008)
Joseph ALLWINE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-956.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
*273 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Julie D. Lindahl, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Allwine was convicted of dealing in stolen property (count I) and grand theft (count II). Both charges arose out of the same scheme or course of conduct. He correctly asserts he may not be convicted *274 of both grand theft and dealing in stolen property. It is well-settled that, while the state may charge both, the defendant may be convicted of only one. Hall v. State, 826 So.2d 268 (Fla.2002); Aversano v. State, 966 So.2d 493 (Fla. 4th DCA 2007).
Allwine initially contends that the evidence was insufficient to sustain a conviction of dealing in stolen property. The evidence reflects that Allwine and his wife/co-defendant pawned a television and VCR stolen from a school. At the time of the theft, he was on a plumbing job at the school.
Allwine argues that when, as in this case, stolen property is pawned and then redeemed shortly thereafter, a defendant cannot be convicted of dealing in stolen property. He claims the property was "posted as collateral for a loan" and, thus, was used for personal benefit. He relies on State v. Camp, 596 So.2d 1055 (Fla.1992), which we deem distinguishable.
In Camp, the supreme court held that Camp did not "traffic," for purposes of dealing in stolen property, where he stole checks and then negotiated the stolen checks. Id. at 1057. The court noted that a reading of section 812.019 in that manner would result in a circumstance of dealing in stolen property whenever money was stolen and then transferred to a third person in exchange for goods. Id. In so holding, the court added:
this statute was not designed to punish persons who steal for personal use. [footnote omitted] Rather, it was designed to dismantle the criminal network of thieves and fences who knowingly redistribute stolen property.
* * *
We agree with the First District that [e]vidence of theft only, with the intent personally to put the stolen item or items to normal use, constitutes only the crime of theft and not the crime of trafficking or dealing in stolen property within the meaning of chapter 812, Florida Statutes, even if the normal use is achieved by some form of transfer, distribution, dispensation, or disposition of the item.
Id. at 1057.
Here, however, there has been a "transfer" as contemplated by the dealing in stolen property statute. See State v. Nesta, 617 So.2d 720 (Fla. 2d DCA 1993) (holding that, "[o]ne who attempts to sell or sells stolen goods to a pawnbroker is not using the stolen items for his own personal use but has met the statutory requirements for dealing in stolen property."); accord State v. Holcomb, 627 So.2d 127, 127-28 (Fla. 5th DCA 1993) ("We, likewise, find no merit in Holcomb's argument in the instant case that he did not deal in stolen property because when he pawned the stolen goods, he simply obtained a loan or entered into a conditional sales agreement that allowed him to repay the money received from the pawn and redeem the goods. We hold that such a transaction is a `transfer' as that term is used in the statutory definition of trafficking in property.").
We also reject Allwine's reliance on Bertone v. State, 870 So.2d 923 (Fla. 4th DCA 2004), in which this court reversed the defendant's conviction for dealing in stolen property. In that case, while the defendant similarly pawned and later retrieved two stolen saws from a pawn shop, the reason for reversal was that the defendant gave an unrefuted and patently reasonable explanation for his possession. Id. In other words, the statutory element that Bertone knew or should have known the saws were stolen was not met. Here, however, Allwine stole the items and then pawned them.
*275 Next, Allwine contends that the trial court erred in denying his motion for judgment of acquittal on the grand theft count where the state failed to prove the value of the property at the time of the theft exceeded $300, as required in a prosecution for grand theft of the third degree. See § 812.014(2)(c)1., Fla. Stat. (2004). Our review of the record satisfies us that the evidence presented by the state was legally sufficient. Accordingly, we affirm that issue without further discussion.
With respect to the sentence on remand, the briefs of both parties anticipate re-sentence will be for the dealing in stolen property conviction. We note, however, that neither brief cites Hall.
Section 812.025, Florida Statutes (1999), provides that where a defendant is charged in connection with one scheme or course of conduct including both offenses, "the trier of fact may return a guilty verdict on one or the other, but not both." In Hall, the supreme court recognized that under this statute, a defendant cannot be found guilty of both crimes and that this is resolved by the jury, as an issue of fact, in deciding whether the defendant is either a "common thief" or endeavored to traffic, based on the intended use of the stolen property. But here, there was no such resolution by the jury.
As the Hall and Aversano opinions were not raised in the briefs in this appeal, we do not resolve or address, here, whether, under the circumstances, the defendant may be entitled, on remand, to elect to be sentenced for grand theft rather than, as stated in the briefs, for dealing in stolen property, given that he was not afforded the right to have the jury elect to convict of one offense or the other.
We remand with direction that the trial court strike Allwine's conviction as to either grand theft or dealing in stolen property and re-sentence Allwine accordingly.
We remand for modification of the judgment and re-sentencing.
POLEN and MAY, JJ., concur.