PER CURIAM.
Appellant argues that his separate convictions on one count of grand theft of various household items and two counts of dealing in stolen property, based on the same items being pawned, violates section 812.025, Florida Statutes (2005), which provides:
Notwithstanding any other provisions of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
The state argues that the statute does not apply because there was not “one scheme or course of conduct,” but rather different incidents on different dates. AI- *304 though the state was able to prove the dates on which the stolen property was pawned, it was unable to prove when the property was stolen. The state argues that appellant may have committed the thefts on different dates and that there were separate crimes of dealing in stolen property because one item was pawned on one date and another item on another date. We rejected this same argument in Toson v. State, 864 So.2d 552 (Fla. 4th DCA 2004), in which the exact date that various items of property were taken was unknown, and two of the items were pawned on different dates. We concluded that section 812.025 precluded convictions for both theft and dealing in stolen property under those facts.
In this case appellant did not raise section 812.025 in the trial court; however, his adjudication of guilt and sentences can be raised for the first time on appeal as fundamental error. Toson; Corvo v. State, 916 So.2d 44 (Fla. 3d DCA 2005).
Appellant argues that we should direct the trial court to vacate his conviction for dealing in stolen property, which carried a fifteen year sentence, rather than his third degree conviction and five year sentence for grand theft. The remedy routinely imposed under these circumstances, however, is vacating the conviction which carries the lesser sentence. Blair v. State, 667 So.2d 834 (Fla. 4th DCA 1996); Bishop v. State, 718 So.2d 890 (Fla. 2d DCA 1998); State v. Dasher, 687 So.2d 916 (Fla. 5th DCA 1997).
We have considered the other issues raised by appellant and find them to be without merit. We reverse and remand for the trial court to vacate the grand theft conviction.
STEVENSON and TAYLOR, JJ., concur.
KLEIN, J., concurs specially with opinion.