GERBER, J.,
concurring specially.
Judge Klein completed his concurring opinion in Anderson v. State, 2 So.3d 303 (Fla. 4th DCA 2008), with the following recommendation:
We need a standard jury instruction to implement the statute, perhaps because, as one writer suggests, “the vast majority of criminal defense attorneys are oblividus” to section 812.025. George C. Via, Dealing in Stolen Property, Grand Theft, and Ineffective Assistance of Counsel, Fla. Bar Journal Vol. 82, No. 3 (March 2008). Mr. Via’s main point is that defense counsel who, in *814 ignorance of the statute, allow clients to plead guilty to both theft and dealing in stolen property, are committing malpractice. I respectfully suggest that our committee on standard jury instructions in criminal cases consider an instruction based on section 812.025.
Anderson, 2 So.3d at 304-05 (emphasis added).
Since Anderson’s issuance, the committee on standard jury instructions in criminal cases has not proposed an instruction based on section 812.025. Nor are we aware of whether the committee has considered such an instruction.
I echo Judge Klein’s concern that section 812.025 continues to generate appeals and must be addressed to prevent further appeals. However, I respectfully disagree with the form of his recommendation. An instruction based on section 812.025 presumably would tell the jury: “You may return a guilty verdict on either dealing in stolen property or grand theft, but not both.” How would a jury choose between the two if the state proves the elements of both crimes? I can foresee juries asking that question time and time again. The response should not be “[Djetermine whether the defendant is a common thief who steals property with the intent to appropriate said property to his own use ... or whether the defendant traffics or endeavors to traffic in stolen property,” though such a response would be legally accurate. Hall v. State, 826 So.2d 268, 271 (Fla.2002).
I think the solution already exists in standard jury instruction 14.2, entitled “Dealing in Stolen Property (Fencing) § 812.019(1).” That instruction shows, as a lesser included offense, “grand theft— third degree” as codified in section 812.014(2)(c), Florida Statutes. If I were the trial court, I would follow standard jury instruction 14.2 and instruct the jury on dealing in stolen property, with grand theft as the lesser included offense. Such an approach would comply with section 812.025, which states that separate counts for dealing in stolen property and theft in connection with one scheme or course of conduct “may” be consolidated for trial.