GERBER, J.
 

 The trial court denied the defendant’s request for a new trial and denied the defendant’s motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). We affirm the denial of the defendant’s request for a new trial, but reverse the denial of the defendant’s motion to correct sentence.
 

 A jury found the defendant guilty of dealing in stolen property and grand theft. Both charges arose out of the same scheme or course of conduct. On the dealing in stolen property conviction, the trial court sentenced the defendant to thirty years in prison with credit for time served. On the grand theft conviction, the court adjudicated the defendant but did not impose any sentence.
 

 The defendant appealed, correctly asserting that he could not be convicted of both dealing in stolen property and grand theft.
 
 See
 
 § 812.025, Fla. Stat. (2007) (“[T]he trier of fact may return a guilty verdict on one or the other, but not both, of the counts.”). The defendant did not request a new trial on that argument. Rather, he anticipated being re-sentenced for the dealing in stolen property conviction. We remanded with directions to strike the defendant’s conviction as to either dealing in stolen property or grand theft and to re-sentence the defendant accordingly.
 
 Allwine v. State,
 
 978 So.2d 272, 275 (Fla. 4th DCA 2008).
 

 On remand, the defendant requested the trial court to grant a new trial or, in the alternative, to strike the dealing in stolen property conviction. The trial court denied the request for a new trial and instead struck the dealing in stolen property conviction. The trial court then sentenced the defendant on the grand theft conviction to ten years’ imprisonment with credit for 461 days served, “plus any and all Florida state time” to be calculated by the Department of Corrections. The written sentence, however, referred to ten years’ imprisonment with credit for 461 days served without mentioning “any and all Florida state time.”
 

 The defendant appealed the denial of his request for a new trial. While the appeal was pending, the defendant filed in the trial court a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The motion argued that the written sentence illegally conflicted with the oral pronouncement as to time served. Within sixty days of the defendant filing the motion, the trial court did not rule on the motion, meaning that the motion was considered denied. Fla. R.Crim. P. 3.800(b)(2)(B) & 3.800(b)(1)(B)
 
 *293
 
 (2008). The defendant also challenges that denial in this appeal.
 

 We affirm the denial of the defendant’s request for a new trial. We recognize that a trial court commits fundamental error by failing to instruct a jury, pursuant to section 812.025, that it may return a guilty verdict on either dealing in stolen property or grand theft, but not both.
 
 Kiss v. State,
 
 42 So.3d 810 (Fla. 4th DCA 2010). We further recognize that a defendant who is found guilty of both charges is entitled to a new trial.
 
 Id.
 
 at 811. However, we affirm as to that issue in this case because the defendant failed to raise it in his first appeal, and instead merely sought re-sentencing.
 
 See Rollins v. State,
 
 194 So.2d 247, 248 (Fla.1967) (“[W]e held ... that the error involved ... was so fundamental that it need not be preserved by formal objection at trial. This is not to say, however, that such an error cannot be waived.”);
 
 Tindall v. State,
 
 997 So.2d 1260, 1261-62 (Fla. 5th DCA 2009) (“Even if the error were fundamental, however, [the defendant] waived the error based on the manner by which he advised the court to respond to a jury question seeking clarification of the instruction.”);
 
 Baldwin v. State,
 
 753 So.2d 573, 573 (Fla. 2d DCA 1999) (‘We affirm as to this issue because the error was waived by [the defendant’s] failure to raise it in his first appeal.”).
 

 We reverse the denial of the defendant’s motion to correct sentence. As the state concedes, the trial court’s written order illegally conflicted with the oral pronouncement as to the time served.
 
 See Williams v. State,
 
 957 So.2d 600, 603 (Fla.2007) (a written sentence which conflicts with an oral pronouncement of a sentence is an illegal sentence, and a motion alleging such a discrepancy is cognizable in a rule 3.800 proceeding). In short, the written sentence negated the additional credit which the oral pronouncement awarded, that is, “any and all Florida state time.” We presume that the trial court was referring to the time which the defendant served in prison following the initial sentence, even though that amount was being served under the dealing in stolen property conviction. Therefore, we reverse and remand with directions to the trial court to correct the written sentence to reflect the oral pronouncement and, in turn, credit the defendant with the additional time served.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 STEVENSON and CIKLIN, JJ., concur.