CONFESSION OF ERROR

LAGOA, J.
Pedro Valdes (“Valdes”) appeals the judgment and sentence for count two, grand theft. Based on the State’s proper confession of error, we reverse.
On November 26, 2003, Valdes pled guilty to the following three charges: (1) burglary, (2) grand theft, and (3) dealing in stolen property. Valdes received a withhold of adjudication and five years’ probation. On March 9, 2007, Valdes’s probation was revoked and he was sentenced to fifteen years on the burglary charge, five years on the grand theft charge, and fifteen years on the dealing in stolen property charge for a total of thirty-five years.[1] The sentences ran consecutively. On October 21, 2009, this Court affirmed the trial court’s order of the revocation of probation, but remanded for the trial court to correct the written order of revocation “to reflect the sole reason for which the court orally revoked [Valdes’s] probation.” Valdes v. State, 20 So.3d 987, 988 (Fla. 3d DCA 2009).
On June 29, 2010, Valdes, pursuant to Florida Rule of Criminal Procedure 3.800(a), filed a Motion to Correct Illegal Sentence, arguing that he could not be sentenced on both dealing in stolen property and grand theft. On October 20, 2010, the State filed its response to the *1164 motion, and citing to Hall v. State, 826 So.2d 268 (Fla.2002), conceded that Valdes’s adjudication and sentence on the grand theft charge should be vacated, and that the record should be corrected to reflect that Valdes shall serve only two consecutive fifteen-year terms of confinement. On December 21, 2010, the trial court vacated the judgment and sentence as to grand theft.
On January 21, 2011, the trial court adjudicated Valdes guilty of grand theft, and resentenced Valdes to “sentence suspended,” on that charge. Neither Valdes nor his attorney were present. Valdes appeals.
Based on this Court’s decision in Cono v. State, 916 So.2d 44 (Fla. 3d DCA 2005), Valdes’s conviction and sentence for grand theft must be reversed. “Convictions for both dealing in stolen property and grand theft violate double jeopardy when the convictions arise ‘in connection with one scheme or course of conduct....’ § 812.025, Fla. Stat. (2005).” Id. at 46; see also Hall, 826 So.2d at 271. As the record reflects that both charges for dealing in stolen property and grand theft relate to one scheme or course of conduct, we reverse the judgment and sentence for grand theft. On remand, the trial court shall enter an order vacating Valdes’s conviction and sentence for grand theft.
Reversed and remanded.

. Valdes does not appeal the judgment and sentence for either burglary or dealing in stolen property. As such, we do not disturb the judgment and sentence as to those charges.