QUINCE, J.
This case is before the Court for review of the decision of the First District Court of Appeal in Blackmon v. State, 58 So.3d 343 (Fla. 1st DCA 2011). The district court certified that its decision is in direct conflict with the decision of the Fourth District Court of Appeal in Kiss v. State, 42 So.3d 810 (Fla. 4th DCA 2010). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
This case involves section 812.025, Florida Statutes (2009), which precludes the trier of fact from finding a defendant guilty of both “theft and dealing in stolen property in connection with one scheme or course of conduct.” We are asked to decide the proper remedy on appeal for dual convictions rendered contrary to section 812.025, but where the defendant had failed to raise section 812.025 at trial. We hold that the district court below properly determined that petit theft, the lesser offense, must be vacated. Accordingly, we approve the First District’s decision in Blackmon, and we disapprove the Fourth District’s decision in Kiss. Additionally, we find that the trial court did not err in denying Blackmon’s motion for a judgment of acquittal.
I. FACTS AND PROCEDURAL HISTORY
The following facts come from the First District Court of Appeal’s opinion in Blackmon v. State, 58 So.3d 343 (Fla.4 1st DCA 2011):
On November 23, 2009, employees at W.D. Rogers Mechanical Contractor (W.D. Rogers) cut, beveled, and marked approximately 14 steel bars. At 3:30 p.m., the shop closed. When the shop reopened at 7:30 a.m. the next morning, employees discovered that the steel bars were missing. Evidence existed of a burglary: the barbed wire on top of the 6-foot chain-link fence had been pushed down, the bushes below the fence were broken, footprints were on the sides of the metal racks, and the ground showed marks where the bars had been thrown over the fence and stuck in the ground. The steel bars were later found at a local scrap yard [Southern Recycling], The scrap yard purchased the steel bars from Blackmon on November 24, 2009, at 8:02 a.m. The scrap yard paid Black- *539 mon $61.80 for the bars.[1] Based on the markings on the bars, W.D. Rogers confirmed that the bars sold to the scrap yard were the same bars stolen from the shop.
The state charged Blackmon with burglary, petit theft, and dealing in stolen property. At trial, Blackmon testified that, on his way home from work in the early morning hours of November 24, he saw some steel bars lying on the side of the road; that the bars were still by the road later that morning when he walked his son to the bus stop at 6:00 a.m.; that he picked up the bars and took them to the scrap yard when they opened; and that, although he noticed the markings on the bars, he thought that the bars were simply junk. At the close of the evidence, Blackmon moved for a judgment of acquittal, arguing that the state did not present evidence to rebut this explanation for his possession of the steel bars. The trial court denied the motion.
The trial court did not instruct the jury that it could not return a guilty verdict for both theft and dealing in stolen property pursuant to section 812.025, Florida Statutes (2009), and Blackmon did not request such an instruction. The jury found Blackmon guilty of both petit theft and dealing in stolen property, but acquitted him of burglary. The trial court thereafter adjudicated Blackmon guilty of both offenses. The trial court also found Blackmon in violation of his probation based on the new law offenses of burglary and theft.
The trial court sentenced Blackmon to time served on the petit theft count and five years in prison on the dealing in stolen property count. Blackmon was also given a concurrent five-year sentence for the violation of probation. The prison sentence was based on a Criminal Punishment Code Scoresheet that scored petit theft as an additional offense (0.2 points). The lowest permissible prison sentence under the scoresheet was 28.85 months.
Id. at 344-45. On appeal to the First District, Blackmon, citing Kiss v. State, 42 So.3d 810 (Fla. 4th DCA 2010), contended that he was entitled to a new trial because he was convicted of both petit theft and dealing in stolen property in violation of section 812.025. Id. at 345-46.
Section 812.025 provides as follows:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
§ 812.025, Fla. Stat. (2009) (emphasis added). The State conceded on appeal that the dual convictions amounted to fundamental error, but asserted that the petit theft conviction, the lesser of the two offenses, should be vacated. Blackmon, 58 So.3d at 345.
Even though Blackmon failed to object to the dual convictions at trial, the district court below maintained that he was permitted to challenge the convictions on appeal. Id. The district court below discussed the Fourth District’s decision in Kiss. Id. at 346. In Kiss, the trial court failed to instruct the jury on section *540 812.025, and the jury ultimately convicted the defendant in violation of said statute. 42 So.3d at 811. The Fourth District in Kiss held that the defendant was entitled to a new trial, reasoning that the “failure to instruct the jury on section 812.025 puts the defendant at a disadvantage.” Id. at 813.
Although the district court below found the reasoning in Kiss to have “some attraction” because section 812.025 “imposes an obligation on the trier of fact (here, the jury), not the trial court,” it held that vacating the conviction for the lesser offense was the proper remedy. Blackmon, 58 So.3d at 346-47. The district court observed that such remedy “better respects the jury’s determination that the State met its burden to prove the greater offense and also avoids the need to speculate what verdict the jury might have returned had it been required to choose between the greater and lesser offenses.” Id. at 347. Further, the district court explained that such remedy was consistent with its previous decisions as well as with our decision in Hall v. State, 826 So.2d 268 (Fla.2002):
Notably, the supreme court [in Hall] did not construe section 812.025 to preclude a defendant from entering pleas to both theft and dealing with stolen property; rather, the court construed the statute to prohibit the trial court from adjudicating a defendant guilty of both offenses. As a result, the court remanded not to allow the defendant to withdraw his pleas, but rather with directions that either the grand theft count or the dealing in stolen property count be reversed and that the defendant be resentenced on the remaining count.
58 So.3d at 347. Accordingly, the district court reversed Blackmon’s conviction for petit theft and remanded with directions that the trial court vacate that conviction. Id. at 348. Moreover the district court certified conflict with Kiss as to the “proper remedy when, contrary to section 812.025, the defendant is convicted of both theft and dealing in stolen property.” Id.[2]
II. ANALYSIS
The question before this Court involves the interpretation of section 812.025, Fla. Stat. (2009). Blackmon contends that section 812.025 and our decision in Hall required the trial court below to instruct the jury that it could return a guilty verdict on either the petit theft or the dealing in stolen property count, and that because the jury was allowed to return guilty verdicts on both offenses, a new trial is required. Conversely, the State asserts that the only remedy which serves the dual purposes of respecting the jury’s verdict and complying with the statutory prohibition on dual convictions is to vacate the lesser of the two convictions. Questions of statutory interpretation are subject to de novo review. Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 194 (Fla.2007).
We begin our analysis by discussing the history and purpose of the Florida Anti-Fencing Act which was enacted in 1977 and includes section 812.025, and the theft and dealing in stolen property statutes. See ch. 77-342, Laws of Florida; §§ 812.012-812.037, Fla. Stat.. (1977). “The legislative history of chapter 77-342 reveals that the Florida Anti-Fencing Act was adapted from a model theft and fenc- *541 mg act developed by G. Robert Blakey and endorsed by the National Association of Attorneys General (NAAG).” Goddard v. State, 458 So.2d 230, 238 & n. 2 (Fla.1984) (citing G. Robert Blakey & Michael Goldsmith, Criminal Redistribution of Stolen Property: The Need for Law Reform, 74 Mich. L.Rev. 1511 (1976)).
“The goods obtained by burglarizing both residential and commercial establishments are commonly passed on to fences.” Blakey & Goldsmith, 74 Mich. L.Rev. at 1525 n. 78. A fence is a person who “purchase[s] stolen goods from thieves and resell[s] them at retail and wholesale levels.” Id. at 1513-14. “Fencing systems play a vital role in theft activity because most thieves are unable to deal directly with the consuming public and must therefore operate through middlemen who have the financial resources to purchase stolen goods and the contacts to help in their redistribution.” Id. at 1514-15. “[O]ne of the model act’s primary purposes is to facilitate the prosecution and conviction of ‘white collar’ fences who often escape punishment because they never come into contact with stolen goods,” according to the NAAG. Goddard, 458 So.2d at 233. The provisions of the Florida Anti-Fencing Act “shall not be construed strictly or liberally, but shall be construed in light of their purposes to achieve their remedial goals.” §§ 812.005, 812.037, Fla. Stat. (1977).[3]
Section 812.025, Florida Statutes, titled “Charging theft and dealing in stolen property,” has remained unchanged since its enactment in 1977. Section 812.025 provides as follows:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
§ 812.025, Fla. Stat. (2009) (emphasis added). Accordingly, “a defendant may be charged with both theft and dealing in stolen property, but cannot be found guilty of both crimes.” Goddard, 458 So.2d at 233.
Theft occurs when:
(1) [a] person ... knowingly obtains or uses,[4] or endeavors[5] to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
§ 812.014, Fla. Stat. (2009). Thefts are *542 divided into grand thefts and petit thefts.[6]
Dealing in stolen property, on the other hand, is defined as follows:
(1) Any person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen shall be guilty of a felony of the second degree....
(2) Any person who initiates, organizes, plans, finances, directs, manages, or supervises the theft of property and traffics in such stolen property shall be guilty of a felony of the first degree....
§ 812.019(l)-(2), Fla. Stat. (2009).[7] “Traffic” means “[t]o sell, transfer, distribute, dispense, or otherwise dispose of property” or “[t]o buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.” § 812.012(8)(a)-(b), Fla. Stat. (2009) (emphasis added).[8] The crime of dealing in stolen property may be prosecuted against both the initial thief and the middleman because the statute
is intended to punish those who knowingly deal in property stolen by others. The basic scenario envisions a person who steals and then sells the stolen property to a middleman (the “fence”) who in turn resells the property to a third person. The statute punishes both the initial thief and the fence.
Hall, 826 So.2d at 270-71 (citations omitted) (quoting State v. Camp, 596 So.2d 1055, 1057 (Fla.1992)).
We held in Goddard that “an individual who steals and traffics in only his own stolen goods is subject to theft and trafficking charges under sections 812.014 and 812.019(1).” 458 So.2d at 284. The dealing in stolen property “statute was not designed to punish persons who steal for personal use. Rather it was designed to dismantle the criminal network of thieves and fences who knowingly redistribute stolen property.” Camp, 596 So.2d at 1057 (footnote omitted). In differentiating between theft and dealing in stolen property, we have agreed that
evidence of theft only, with the intent personally to put the stolen item or items to normal use, constitutes only the crime of theft and not the crime of trafficking or dealing in stolen property *543 within the meaning of chapter 812, Florida Statutes, even if the normal use is achieved by some form of transfer, distribution, dispensation, or disposition of the item.
Id. (quoting Grimes v. State, 477 So.2d 649, 650 (Fla. 1st DCA 1985)); see also State v. Nesta, 617 So.2d 720, 721 (Fla. 2d DCA 1993) (“One who attempts to sell or sells stolen goods to a pawnbroker is not using the stolen items for his own personal use but has met the statutory requirements for dealing in stolen property.”). As to the dealing in stolen property statute, “[t]he penalties are graded according to the offender’s role, but not according to the value of the property involved.” Hall, 826 So.2d at 271 (quoting National Association of Attorneys General, Legislative Responses to Dealing in Stolen Goods 69 (1975)). “Under the theft statute, the penalties are graded according to the monetary value of the property stolen.” Hall, 826 So.2d at 271 (citing § 812.014(2), Fla. Stat. (1999)).[9]
Our Decision in Hall
Hall entered an open plea of no contest to all of the charges brought against him, including grand theft, a third-degree felony, and dealing in stolen property under section 812.019(1), a second-degree felony. Hall, 826 So.2d at 269; Hall v. State, 767 So.2d 560, 561 (Fla. 4th DCA 2000).[10] There were no terms or conditions of the plea. Hall, 767 So.2d at 561. Included in the factual basis for the plea was that Hall entered a dwelling with the intent to commit an offense therein, that he took from the dwelling jewelry valued between $300 and $5,000, and that same day he trafficked in the stolen property and placed that jewelry into the stream of commerce. Id. “According to the State’s factual basis for the plea, [the counts for grand theft and dealing in stolen property] took place within one scheme or course of conduct. There was no objection below from the defendant on this basis.” Hall, 826 So.2d at 269 n. 1. Hall was adjudicated guilty of all of the charges. Id. at 269.[11]
On appeal to the Fourth District, Hall asserted that the trial court erred in adjudicating him guilty of both grand theft and dealing in stolen property, contrary to section 812.025. Id. at 269. The Fourth District discussed Brown v. State, 464 So.2d 193, 195 (Fla. 1st DCA 1985), approved on other grounds, 487 So.2d 1073 (Fla.1986). Hall, 767 So.2d at 562. In Brown, the First District held section 812.025 “inapplicable in situations where ... the defendant pleads nolo contendere to both offenses pursuant to a plea bargaining agreement. By its own terms, the statute is limited to cases involving a jury verdict as to one or both of the offenses.” 464 So.2d at 195. Agreeing with the First District’s reasoning, the Fourth District affirmed the adjudications of both grand theft and dealing in stolen property. Id. The Fourth District also certified conflict with the Second District’s decision in Vic *544 tory v. State, 422 So.2d 67, 68 (Fla. 2d DCA 1982). Hall, 767 So.2d at 562. In Victory, pursuant to section 812.025, the Second District reversed a defendant’s conviction for dealing in stolen property based on a plea of nolo contendere after he was previously convicted of grand theft. 422 So.2d at 68.
In deciding whether section 812.025 applied to no contest pleas, we noted the legislative history of the Florida Anti-Fencing Act. Hall, 826 So.2d at 270-71. This Court explained that theft and dealing in stolen property offenses “address two different evils.” Id. at 271. The theft statute is “directed toward those persons who steal for personal use and for whom redistribution is incidental,” whereas the dealing in stolen property statute is “directed toward the criminal network of thieves and fences who knowingly deal in the redistribution of stolen property.” Id. We went on to say:
[E]vidence of theft only, with the intent personally to put the stolen item or items to normal use, constitutes only the crime of theft and not the crime of trafficking or dealing in stolen property within the meaning of chapter 812, Florida Statutes, even if the normal use is achieved by some form of transfer, distribution, dispensation, or disposition of the item.
Id. (quoting Camp, 596 So.2d at 1057). Importantly, we said:
Section 812.025 allows the State to charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts, but the trier of fact must then determine whether the defendant is a common thief who steals property with the intent to appropriate said property to his own use or to the use of a person not entitled to the use of the property or whether the defendant traffics or endeavors to traffic in the stolen property. The linchpin of section 812.025 is the defendant’s intended use of the stolen property. The legislative scheme allows this element to be developed at trial and it is upon this evidence that the trier of fact may find the defendant guilty of one or the other offense, but not both. The legislative scheme is clear and the same legislative rationale militates against allowing a defendant to plead guilty to inconsistent counts, i.e., stealing property with intent to use under section 812.011 or stealing property with intent to traffic in the stolen goods pursuant to section 812.019. Just as the trier of fact must make a choice if the defendant goes to trial, so too must the trial judge make a choice if the defendant enters a plea of nolo contendere to both counts. Legislative history leads us to believe that this comports with legislative intent. Thus, we find that section 812.025 prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct pursuant to a plea of nolo contendere. We therefore disagree with the conclusion reached by the Fourth District.
Id. (emphasis added). Accordingly, this Court quashed, in part, the Fourth District’s decision in Hall, and approved the Second District’s decision in Victory, and “remand[ed] with directions that the conviction be reversed on either [grand theft or dealing in stolen property] and that the defendant be resentenced on the remaining count.” Id. at 272.[12]
*545 District Courts
Each of our district courts of appeal has been confronted with the issue of dual convictions — dealing in stolen property and theft — which were contrary to section 812.025. We begin with a review of several cases from the Fourth District, which is the only district court of appeal to have concluded that a new trial is the proper remedy in these circumstances. Unless otherwise noted, each of the dealing in stolen property convictions discussed below involves section 812.019(1).

Fourth District

In Aversano v. State, 966 So.2d 493 (Fla. 4th DCA 2007), a jury found the defendant guilty of grand theft and dealing in stolen property, both second-degree felonies, in connection with “one scheme or course of conduct.” Id. at 494, 496. The defendant did not request a jury instruction in accordance with our decision in Hall. Id. at 496 n. 1. The trial court adjudicated the defendant guilty of grand theft only, which was the offense with the higher severity rating. Id. at 494, 497. On appeal, after concluding that the defendant was entitled to a new trial based on her ineffective assistance of counsel claim, the Fourth District determined that the trial court committed fundamental error because it “did not instruct the jury on its obligation under Hall to ‘determine whether the defendant is a common thief who steals property ... or whether the defendant traffics ... in stolen property.’ ” Id. at 496 (quoting Hall, 826 So.2d at 271). The Fourth District continued:
Therefore, Hall and a plain reading of the statute make it clear that the state was not entitled to have a jury convict Aversano of both counts and then have the trial court adjudicate her guilty of grand theft.... The statute does not permit this option. To conclude otherwise would make the language of the statute, which permits the trier of fact to return a verdict on one or the other but not both, meaningless.
Id. at 497.
In Anderson v. State, 2 So.3d 303 (Fla. 4th DCA 2008), the defendant was convicted by a jury of grand theft and dealing in stolen property. Id. at 303. On appeal, the defendant raised section 812.025 for the first time. Id. The Fourth District ultimately reversed and remanded for the trial court to vacate the grand theft conviction, explaining that “[t]he remedy routinely imposed under these circumstances ... is vacating the conviction which carries the lesser sentence.” Id. at 304. Judge Klein, in his special concurrence, expressed:
If the jury had followed the statute, and was required to choose, it might well have returned a verdict only on the theft charge. The failure to charge the jury on this statute thus puts a defendant at a disadvantage.
We need a standard jury instruction to implement the statute, perhaps because ... “the vast majority of criminal defense attorneys are oblivious” to section 812.025.... I respectfully suggest that our committee on standard jury instructions in criminal cases consider an instruction based on section 812.025.
Id. at 304-05 (Klein, J., concurring specially) (quoting George C. Via, Dealing in Stolen Property, Grand Theft, and Ineffective Assistance of Counsel, Fla. Bar J., Mar. 2008, at 37-38).
In Allwine v. State, 978 So.2d 272 (Fla. 4th DCA 2008), the trial court adjudicated *546 the defendant guilty of dealing in stolen property, a second-degree felony, and grand theft, a third-degree felony, in accordance with the jury verdict. Id. at 273. Both offenses “arose out of the same scheme or course of conduct.” Id. The Fourth District remanded with directions that the trial court strike the grand theft conviction or the dealing in stolen property conviction and resentence the defendant accordingly. Id. at 275. The trial court on remand denied the defendant’s request for a new trial and instead struck the dealing in stolen property conviction. Allwine v. State, 42 So.3d 291, 292 (Fla. 4th DCA 2010). On appeal, the Fourth District affirmed, explaining that even though “a trial court commits fundamental error by failing to instruct a jury, pursuant to section 812.025 ... [and] a defendant who is found guilty of both charges is entitled to a new trial,” the defendant failed to assert his entitlement to a new trial in his first appeal. Id. at 293.
Less than a month before it decided the second appeal in Allwine, the Fourth District issued its opinion in Kiss v. State, 42 So.3d 810 (Fla. 4th DCA 2010).[13] In Kiss, the defendant was convicted by a jury of one count of grand theft and three counts of dealing in stolen property in connection with “one scheme or course of conduct.” 42 So.3d at 811. Thereafter, the trial court adjudicated the defendant guilty on the dealing in stolen property counts and discharged the defendant on the grand theft count. Id.
On appeal to the Fourth District, the defendant argued that “by failing to instruct the jury — pursuant to section 812.025 — that it could return a guilty verdict on one or the other of the charges, but not both,” the trial court committed fundamental error warranting a new trial. Id. The Fourth District stated that based on the plain meaning of section 812.025 and our decision in Hall, it was “clear that the state is not entitled to have the jury convict Kiss of both dealing in stolen property and grand theft.... To conclude otherwise would make the language of the statute meaningless.” Id. at 812. The Fourth District maintained that in Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981), the Fifth District Court of Appeal mistakenly analogized this issue to that of double jeopardy. 42 So.3d at 812. According to the Fourth District, “the district courts that have concluded that the cure to this anomaly of permitting a jury to return a verdict for both dealing in stolen property and grand theft is to strike the lesser of the two offenses,” do not contain any analysis to support this remedy. Id. Furthermore, the Fourth District said that “failure to instruct the jury on section 812.025 puts the defendant at a disadvantage,” because the jury could have found the defendant guilty of grand theft only. Id. at 813 (citing Anderson, 2 So.3d at 304 (Klein, J., concurring specially)). The Fourth District held that the trial court’s failure to instruct the jury on section 812.025 amounted to fundamental error, reversed and remanded the case for a new trial, and certified conflict with Ridley and its progeny. Id. at 811, 813.

Fifth District

In reversing the lesser offense, the Fifth District in Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981), stated:
[W]e read Florida Rule of Criminal Procedure 3.505[14] with section 812.025, *547 Florida Statutes (1979), to require that the trial judge should have instructed the jury that guilty verdicts could not be returned as to both counts. As this was not done this court, rather than the jury, must now relieve appellant of one of the two convictions and we find no law exactly in point indicating which of the two convictions and sentences should be reversed and vacated....
Cases involving the voiding of one of two convictions because of double jeopardy concepts and cases under the now repealed “single transaction rule” are not directly applicable. However, since dealing in stolen property is a felony of the second degree, and grand theft of the second degree is but a felony of the third degree, and the State has convinced the jury beyond a reasonable doubt as to both, we reverse the less serious conviction.
Id. at 1002 (footnote omitted) (citations omitted); see also Haywood v. State, 73 So.3d 824 (Fla. 5th DCA 2011) (affirming the trial court’s adjudication of guilt as to dealing in stolen property and not the lesser offense of grand theft as it was properly based on Ridley, and certifying conflict with Kiss).

First District

As demonstrated by the decision below, the First District holds that the vacating of the lesser offense conviction is the proper remedy when faced with dual convictions contrary to section 812.025. Blackmon, 58 So.3d at 347; see also Lutz v. State, 60 So.3d 500, 501 (Fla. 1st DCA 2011), notice invoking discretionary jurisdiction filed, No. SC11-1039 (Fla. May 19, 2011) (affirming the trial court’s judgment and sentence for dealing in stolen property, and ordering the vacating of the conviction and sentence for petit theft); Rhames v. State, 473 So.2d 724, 727 (Fla. 1st DCA 1985) (holding that the trial court erred in not instructing the jury that it was precluded from returning dual convictions, and that the remedy was the vacating of the less serious count); Alexander v. State, 470 So.2d 856, 857 (Fla. 1st DCA 1985) (“Since the jury found the defendant guilty on both counts but the trial court sentenced on only the greater count, we agree with the State that a new trial is not required.”).

Second District

In Williams v. State, 66 So.3d 360 (Fla. 2d DCA 2011), quashed, 121 So.3d 524, 2013 WL 4555586 (Fla.2013), the defendant was convicted of grand theft, a third-degree felony, and dealing in stolen property, a second-degree felony, among other counts, after the trial court refused to allow the defendant’s proposed jury instruction which essentially tracked the language provided in section 812.025. Id. at 361-62. The trial court dismissed the grand theft conviction subsequent to the verdict being rendered. Id. at 361. On appeal, the Second District Court of Appeal stated that when confronted with dual convictions for theft and dealing in stolen property in the past, it “ha[d] consistently reversed only the lesser offense and, if necessary, remanded the case for resen-tencing without consideration of the lesser offense.” Id. at 362. The Second District added:
All that remains is to select one offense or the other as the offense resulting in a judgment and sentence. The courts have been following the policies of double jeopardy as to this issue. Even if we concluded that we must select the offense with the lesser degree or the lesser penalty, a new trial would not be warranted.
Id. at 365 (footnote omitted). Therefore, the Second District affirmed, and express *548 ly recognized conflict with Kiss. Id. at 361, 365.[15]

Third District

When confronted with theft and dealing in stolen property convictions contrary to section 812.025, the Third District Court of Appeal reverses the lesser conviction. See Valdes v. State, 93 So.3d 1163, 1164 (Fla. 3d DCA 2012) (“As the record reflects that both charges for dealing in stolen property and grand theft relate to one scheme or course of conduct, we reverse the judgment and sentence for grand theft.”); Corvo v. State, 916 So.2d 44 (Fla. 3d DCA 2005); Jones v. State, 453 So.2d 1192 (Fla. 3d DCA 1984).
This Case
Section 812.025 and Hall clearly provide that a jury may not return guilty verdicts on both dealing in stolen property and theft when both offenses were committed “in connection with one scheme or course of conduct.” See § 812.025, Fla. Stat. (2009) (“[T]he trier of fact may return a guilty verdict on one or the other, but not both, of the counts.”); Hall, 826 So.2d at 271 (“[I]t is upon this evidence that the trier of fact may find the defendant guilty of one or the other offense, but not both.”).
Here, the jury convicted Black-mon of both dealing in stolen property and petit theft[16] in violation of section 812.025.[17] Blackmon did not request a jury instruction under section 812.025, nor did the trial court instruct the jury that it could not return dual guilty verdicts where both offenses were “in connection with one scheme or course of conduct.” Because both dealing in stolen property and petit theft were submitted to the jury, we find that the trial court erred in failing to instruct the jury on the rendering of dual convictions contrary to section 812.025. Furthermore, Blackmon failed to argue at trial the impropriety of the trial court in adjudicating him guilty in accordance with the jury verdict. The trial court further erred in adjudicating Blackmon guilty of both dealing in stolen property and theft. See § 812.025, Fla. Stat. (2009). If a statute precludes a jury from rendering certain dual convictions, clearly the trial court commits error in adjudicating a defendant guilty in conformance with such an impermissible jury verdict.
Because Blackmon did not bring section 812.025 to the attention of the trial court, Blackmon must demonstrate fundamental error. See State v. Delva, 575 So.2d 643, 644 (Fla.1991) (“Instructions ... are subject to the contempo *549 raneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred”). Fundamental error “reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Caraballo v. State, 39 So.3d 1234, 1249 (Fla.2010) (quoting Brooks v. State, 762 So.2d 879, 899 (Fla.2000)). “Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.” Delva, 575 So.2d at 645. Although we find the trial court erred, it was not fundamental error such that we would require a new trial. Accordingly, the district court below properly affirmed Blackmon’s dealing in stolen property conviction while reversing his petit theft conviction.[18] We agree with the district court that “[rjesentencing is unnecessary in this case.” Blackmon, 58 So.3d at 348.[19]
Sufficiency of the Evidence
Blackmon moved for a judgment of acquittal at the close of the evidence, claiming that the State failed to carry its burden in presenting competent evidence to rebut his reasonable hypothesis of innocence that Blackmon “found the bars on the side of the road.” We exercise our discretion to address this claim raised by Blackmon even though it is not the basis of the certified conflict. See Allstate Ins. Co. v. Rudnick, 761 So.2d 289, 291 (Fla.2000). This Court reviews de novo the trial court’s denial of a motion for judgment of acquittal. Delgado v. State, 71 So.3d 54, 65 (Fla.2011).
“Where the State has presented competent, substantial evidence of the crimes charged, the trial court does not err in denying a motion for judgment of acquittal and submitting the case to the jury .” McDuffie v. State, 970 So.2d 312, 332 (Fla.2007). In State v. Law, 559 So.2d 187 (Fla.1989), we explained the standard of review for cases involving circumstantial evidence:
A special standard of review of the sufficiency of the evidence applies when a conviction is wholly based on circumstantial evidence. Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse.
Id. at 188 (citations omitted).
For the dealing in stolen property offense, the State was required to prove that Blackmon (1) “trafficfked] in” the steel bars, (2) which he knew or should have known were stolen. See § 812.019(1), Fla. Stat. (2009). The evidence at trial established that Blackmon sold the steel bars to a scrap yard thereby satisfying the first *550 element. See § 812.012(8)(a), Fla. Stat. (2009) (defining “traffic” to include the selling of property). As to the second element, the “proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.” § 812.022(2), Fla. Stat. (2009). Blackmon asserts that this inference, without more, is legally insufficient to support the conviction when a defendant presents an unrefuted, reasonable, and innocent explanation for possessing the property.
“The reasonableness of the defendant’s explanation is generally a question of fact for the jury.” Smith v. State, 742 So.2d 352, 355 (Fla. 5th DCA 1999). Here, the evidence established that about five hours after first noticing the steel bars, Blackmon picked the steel bars up from the side of the road near his house because no one had come to retrieve them. Blackmon acknowledged that there were markings on the steel bars. The jury heard testimony that the bars were stainless steel, shiny “like a nickel,” and were cut and beveled. Blackmon sold the steel bars to a scrap yard approximately two hours after picking them up from the side of the road. Blackmon stated that he had owned a business where he would scrap refrigerators, stoves, and cars that were taken from the sides of roads. Blackmon admitted that he was previously convicted of five felonies and one crime of dishonesty. We find that the jury could conclude that Blackmon did not satisfactorily explain his possession of the steel bars which in turn entitled the jury to conclude that Blackmon knew or should have known that the steel bars were stolen — which satisfied the second element for dealing in stolen property. Therefore, we conclude that the State presented competent, substantial evidence to support Blackmon’s dealing in stolen property conviction, and that such evidence was inconsistent with any reasonable hypothesis of innocence.
We note the similar facts and the conclusion reached by the Second District in Coleman v. State, 466 So.2d 395 (Fla. 2d DCA 1985):
[The defendant], whose credibility was impeached by his admission that he had been convicted of three prior felonies, was found trying to sell the stolen items just a few hours after they had been stolen. To accept [the defendant’s] explanation, it would have to be assumed that someone went to the trouble to steal the sailboat parts from fenced-in premises and yet discarded them in a dumpster shortly thereafter. Moreover, [defendant] provided no corroboration for his statement that he was in the junk business. The jury was entitled to conclude that [the defendant’s] explanation was unsatisfactory.
Id. at 397; see also Kittles v. State, 897 So.2d 517, 519 (Fla. 4th DCA 2005) (“Kitties’ explanation that his sister had given him the stolen jewelry was patently unreasonable in light of the markings on the rings and his possession of the items within no more than eighteen hours of the burglary.”). We also find that there is sufficient evidence in the record to support the trial judge’s revocation of Blackmon’s probation. In conclusion, the trial court did not err in denying Blackmon’s motion for judgment of acquittal.[20]
*551 III. CONCLUSION
For the reasons expressed above, we approve the First District’s decision in Blackmon, and we disapprove the Fourth District’s decision in Kiss.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.

. Southern Recycling took a photo of Black-mon, obtained his thumbprint, and scanned his driver's license.

. The district court additionally found that had the jury been instructed to choose between petit theft and dealing in stolen property, it would have selected the latter offense because the evidence established that Black-mon sold the property at his earliest convenience. Id. at 347.

. The Florida Anti-Fencing Act repealed sections of the larceny statutes and provisions relating to receiving stolen property. See Fla. S.Crim. Comm, on Judiciary, SB 1431 (1977) Staff Analysis (May 17, 1977). The dealing in stolen property statute replaced the common law crime of "receiving stolen property.” Padgett v. State, 378 So.2d 118, 119 (Fla. 1st DCA 1980).

. "Obtains or uses” means: (1) "[tjaking or exercising control over property,” "[m]aking any unauthorized use, disposition, or transfer of property;” or "[o]btaining property by fraud, willful misrepresentation of a future act, or false promise." § 812.012(3)(a)-(c), Fla. Stat. (2009).

."[T]he term ‘endeavors’ means an overt act manifesting criminal intent, rather than merely the formulation of a mental intent.” State v. Allen, 362 So.2d 10, 12 (Fla.1978).

.See § 812.014(2)(a), Fla. Stat. (2012) (a first-degree felony if property value is $100,000 or more); § 812.014(2)(b), Fla. Stat. (2012) (a second-degree felony if property value is between $20,000 and $100,000); § 812.014(2)(c), Fla. Stat. (2012) (a third-degree felony if property value is between $300 and $20,000); § 812.014(2)(d), Fla. Stat. (2012) (a third-degree felony if property value is between $100 and $300 and is taken from a dwelling or from the unenclosed curtilage of a dwelling); § 812.014(3)(c), Fla. Stat. (2012) (a third-degree felony if a person commits petit theft and has previously been convicted two or more times of any theft); § 812.014(2)(e), Fla. Stat. (2012) (a first-degree misdemeanor if property value is between $100 and $300); § 812.014(3)(b), Fla. Stat. (2012) (a first-degree misdemeanor if a person commits petit theft and has previously been convicted of any theft); § 812.014(3)(a), Fla. Stat. (2012) (a second-degree misdemeanor if a person commits a theft of any property not specified in subsection 812.014(2)); see also § 812.014(6), Fla. Stat. (2012) (a second-degree felony if a person coordinates the commission of a theft).

. “It thus appears that the ‘remedial goal' of section 812.019(2) is to discourage organized theft by imposing a harsher penalty on the individual who actually organizes thefts and traffics in stolen goods than on the common thief who simply steals and then sells those goods.” Goddard, 458 So.2d at 234.

. Convictions for theft and dealing in stolen property do not violate double jeopardy because each offense has an essential element that the other lacks. See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); see also § 775.021, Fla. Stat. (2009) (codifying Blockburger).

. Other dealing in stolen property statutes are also found elsewhere in chapter 812, Florida Statutes. See § 812.0195, Fla. Stat. (2012) ("Dealing in stolen property by use of the Internet."); § 812.0191, Fla. Stat. (2012) ("Dealing in property paid for in whole or in part by the Medicaid Program.”).

. Hall was also charged with burglary of a conveyance, burglary of a dwelling, giving false information to a pawnbroker, possession of cocaine, and use or possession of drug paraphernalia. Hall, 826 So.2d at 269.

.Hall was sentenced to concurrent five-year terms in prison for the grand theft and dealing in stolen property convictions. Id. In addition, Hall was ordered to serve probation on the dealing in stolen property conviction for a period of three years following his prison sentence. Id. at 269 n. 2.

. This Court also approved the district court’s affirmance of Hall’s other convictions and sentences. Id. at 272. There is no published opinion stating whether Hall's grand theft or dealing in stolen property conviction was reversed post-Hall. Hall also argued on *545 appeal that the Criminal Punishment Code violated his due process rights under the constitution, which the Fourth District rejected, Hall, 767 So.2d at 562-63, and which we affirmed, Hall, 826 So.2d at 271.

. As mentioned above, the district court below in Blackmon certified conflict with Kiss.

. Rule 3.505 provides: “The state need not elect between inconsistent counts, but the trial court shall submit to the jury verdict forms as to each count with instructions applicable to returning its verdicts from the inconsistent counts.” Fla. R.Crim. P. 3.505.

.The Second District also certified the following questions of great public importance:
(1) Must the trial court instruct the jury to perform the selection process described in section 812.025 of the Florida Statutes?;
(2) If so, must the appellate court order a new trial on both offenses if the trial court fails to give the instruction?; and (3) If the appellate court is not required to mandate a new trial, must it require the trial court to select the greater offense or the lesser offense when the two offenses are offenses of different degrees or of different severity ranking?
Id. at 365; see also Wilkins v. State, 78 So.3d 18, 19 (Fla. 2d DCA 2011) (certifying conflict with Kiss, and certifying the same three questions as it did in Williams); Poole v. State, 67 So.3d 431, 432 (Fla. 2d DCA 2011) (same).

. Blackmon’s dealing in stolen property conviction was a second-degree felony and his petit theft conviction was a second-degree misdemeanor.

. Because Blackmon took the steel bars from the side of the road and then sold the same stolen bars approximately two hours later, we find that both offenses were committed “in connection with one scheme or course of conduct.”

. The district court's decision in applying section 812.025 and Hall was consistent with the remedy in double jeopardy contexts. See Pizzo v. State, 945 So.2d 1203, 1206 (Fla. 2006) (“When an appellate court determines that dual convictions are impermissible [because they violate double jeopardy,] the appellate court should reverse the lesser offense conviction and affirm the greater.").

. Reducing the lower limit of the sentencing guideline by approximately 4.5 days under a corrected scoresheet for the dealing in stolen property conviction would not have swayed the trial judge to impose less than the five-year prison sentence.

. The claim of insufficient evidence offered by the State as it relates to the petit theft conviction is moot based on our approval that the vacating of the petit theft conviction was proper.