PER CURIAM.
This petition alleged ineffective assistance of appellate counsel in failing to raise, as fundamental error, the trial court’s error in failing to instruct petitioner’s jury, pursuant to section 812.025, Florida Statutes (2004).[1]
We held this case in abeyance until our supreme court resolved Blackmon v. State, 121 So.3d 535, (Fla. 2013) (holding such error was not fundamental error such that a new trial would be required). The supreme court having resolved the issue in a manner adverse to the petitioner’s position, we hereby deny the petition on the merits.

Petition Denied on the Merits.

DAMOORGIAN, C.J., WARNER and MAY, JJ., concur.

. Section 812.025, Florida Statutes (2004), provides as follows:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
§ 812.025, Fla. Stat. (2004) (emphasis added). The statute was enacted in 1977 and has not been amended. The petitioner already had received the remedy of having one of the two convictions vacated, and being resentenced accordingly. See Allwine v. State, 42 So.3d 291 (Fla. 4th DCA 2010); Allwine v. State, 978 So.2d 272 (Fla. 4th DCA 2008). He now sought a new trial.