CANADY, J.,
dissenting.
In this case we consider the proper remedy on appeal when a defendant — who has entered an unbargained-for, open plea to the court — is improperly convicted of both theft and dealing in stolen property “in connection with one scheme or course of conduct,” contrary to section 812.025, Florida Statutes (2009), but the defendant failed to preserve the error in the trial court. Because I conclude that the proper remedy is to vacate the conviction of the lesser offense,[7]1 would approve the result reached by the Second District Court of Appeal,
Generally, Florida law requires offenders to be “sentenced separately for each criminal offense” committed “in the course of one criminal transaction or episode.” § 775.021(4)(a), Fla. Stat. (2009). In enacting this rule, the Legislature intended “to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection [§ 775.021](1) to determine legislative intent.” § 775.021(4)(b), Fla. Stat. (2009). “Exceptions to this rule of construction are: 1. Offenses which require identical elements of proof. 2. Offenses which are degrees of the same offense as provided by statute. 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.” Id. When one of these exceptions comes into play, dual convictions are understood to be double jeopardy violations. An additional exception to the general rule of separate sentences for each offense exists in section 812.025 — the statute at issue here — which provides that a defendant may be convicted of either theft or dealing in stolen property, but not both, where those charges relate to “one scheme or course of conduct.”
When dual convictions are impermissibly imposed in violation of section 775.021(4)(b), the proper remedy is to vacate the lesser conviction. See Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006) (“When an appellate court determines that *112 dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater.”); State v. Barton, 523 So.2d 152, 153 (Fla.1988) (stating that when “one of two convictions must fall, we hold that the conviction of the lesser crime should be set aside”).
As I have previously explained, “[t]here is no more harm [when the lesser conviction is vacated due to a violation of section 812.025] than there is under section 775.021(4) when impermissible dual convictions have been returned and the conviction for the lesser offense has been set aside.” Williams v. State, 121 So.3d 524, 535 (Fla.2013) (Canady, J., dissenting). Therefore, when impermissible dual convictions for theft and dealing in stolen property are imposed, the remedy should also be to vacate the lesser conviction. The majority has never provided a cogent explanation for why impermissible dual convictions under section 812.025 should be treated differently than impermissible dual convictions under section 775.021(4)(b). And, indeed, the majority in recent cases has not been consistent in its approach to this issue.
Recently, in Blackmon v. State, 121 So.3d 535 (Fla.2013), the Court approved a result that inexplicably is totally at odds with the result reached by the majority here. Blackmon was charged with both theft and dealing in stolen property after he took steel bars from the side of the road and sold them to a scrap yard hours later. Id. at 538-39. At trial, the jury was not instructed that it could only return a guilty verdict for either theft or dealing in stolen property in connection with one scheme or course of conduct, and Black-mon did not request such an instruction. Id. at 539. The jury found Blackmon guilty of both theft and dealing in stolen property. Id. The trial court thereafter adjudicated Blackmon guilty of both offenses and sentenced him for each offense. Id. Blackmon did not bring section 812.025 to the trial court’s attention, and he did not object to the dual convictions or sentences. Id.
On review, we held that although the trial court erred in failing to instruct the jury on the rendering of dual convictions and in adjudicating Blackmon guilty of both offenses in connection with one scheme or course of conduct, the error was not preserved by Blackmon, and it was not fundamental error such that we would require a new trial or resentencing. Id. at 548^49. Therefore, we approved the decision of the district court, vacating the conviction for the lesser offense. Id. at 549. In doing so, we noted that the remedy “was consistent with the remedy in double jeopardy contexts.” Id. at 549 n. 18 (citing Pizzo, 945 So.2d at 1206).
Anucinski was also charged with theft and dealing in stolen property in connection with one scheme or course of conduct. Anucinski v. State, 90 So.3d 879, 880 (Fla. 2d DCA 2012). By way of her guilty plea, she admitted committing both offenses, and she stipulated that the State could prove each offense beyond a reasonable doubt. The convictions resulting from her plea are no different than convictions resulting from a jury verdict. See Boykin v. Alabama, 395 U.S. 238, 242 n. 4, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (“A plea of guilty is more than a voluntary confession made in open court. It also serves as a stipulation that no proof by the prosecution need b[e] advanced.... It supplies both evidence and verdict, ending controversy.”); McCrae v. State, 395 So.2d 1145, 1154 (Fla.1980) (“[0]nee a plea ... has been accepted by a court, it is the conviction and the only remaining step is the formal entry of judgment and the imposition of sentence.”); Robinson v. State, 373 *113 So.2d 898, 902 (Fla.1979); Reyes v. Kelly, 224 So.2d 303, 306 (Fla.1969) (“[W]e think that the plea of guilty in this situation is correctly accorded the effect of a jury verdict....”). Like Blackmon, Anucinski did not object to the dual convictions and sentences, and she did not bring section 812.025 to the attention of the trial court.
The trial courts in each of these cases erred in entering convictions for both theft and dealing in stolen property in connection with one scheme or course of conduct. In each case the error was neither preserved nor fundamental so as to require resentencing. The cases are indistinguishable except for the inconsequential fact that Anucinski’s improper dual convictions were the result of an open plea rather than a trial. Requiring trial courts “in plea cases to determine which crime a defendant is ‘more guilty of seems illogical when no such analysis is required [when improper dual convictions are rendered] after a jury verdict.” Anucinski, 90 So.3d at 882. Therefore, there is no reason to impose a different remedy here than we did in Blackmon.
Accordingly, I would approve the decision of the Second District Court of Appeal directing that-the conviction for the lesser crime be vacated.

. The lesser offense is either the offense of a lesser degree — here, the third-degree grand theft rather than the second-degree dealing in stolen property — or, if the offenses are of the same degree, the offense with the lesser severity ranking under the Criminal Punishment Code. See § 921.0022(3)(a), Fla. Stat. (2009).